### SCOGGINS *v.* THE STATE.

HILL, J.  Raymond Scoggins was indicted for the offense of murder, and before arraignment and pleading to the merits of the case he filed a special plea of insanity at the time of the trial.  After evidence submitted by both sides, the jury returned a verdict against the special plea of insanity, finding that the defendant was then sane.  The defendant filed a motion for new trial.  On the day following the trial on the special plea the defendant was placed on trial for murder under the indictment, whereupon a motion to continue the case for the term was made, and the court was asked in writing to grant a supersedeas and a stay of the proceedings of the trial for murder "until his appeal from the verdict of the jury and the judgment of the court on his special plea of insanity could be passed upon by the Court of Appeals of Georgia."  The motion recites that the defendant had been tried on the special plea of insanity under the Penal Code (1910), §§ 976, 978, and that he was entitled, under those sections, to a stay of the proceedings as a matter of right until the court of review could pass upon his exceptions, one of which was that the failure of the trial judge to grant the supersedeas asked for had the effect of denying the defendant due process of law and the equal protection of the law under the State and Federal constitutions.  The court overruled the motion to continue, or to stay the proceedings, denied the prayer for a supersedeas on all the grounds thereof, and ordered the accused to proceed to trial under the indictment.  To this ruling the accused excepted.  *Held*, that the rulings and judgment complained of should have been excepted to pendente lite.  The accused could not, as a matter of right, have a direct bill of exceptions which would operate as a supersedeas and prevent further proceedings in the case until the question made in the writ of error to the Court of Appeals was disposed of.  The writ of error will therefore be dismissed.

*Writ of error dismissed.  All the Justices concur, except Beck, P. J., absent on account of sickness.*

No. 1783.  MARCH 9, 1920.

Indictment for murder.  Before Judge Graham.  Bibb superior court.  November 28, 1919.  (See 24 *Ga. App.* 677, 102 S. E. 39.)

*John R. Cooper* and *W. O. Cooper Jr.*, for plaintiff in error.

*Charles H. Garrett, solicitor-general*, contra.