21059. ROBERTS *v.* THE STATE.

DECIDED APRIL 1, 1931.

*W. I. Geer,* for plaintiff in error.
*B. T. Castellow,* solicitor-general, *Bond Almand,* contra.

LUKE, J. Douglas Roberts was convicted under an indictment charging him with larceny from the house. He excepts to the overruling of his motion for a new trial.

There is evidence to the effect that during the early part of a night in June, 1929, while an ice-cream supper was in progress at the residence of Ed Daniels, fifteen gallons of cane syrup in tins were stolen from Daniel's nearby corn-crib, and that on the same night, and a short time after the said theft, Daniels found all his syrup hidden in a sewer-pipe which crossed the road a short distance from where it was taken. There is also evidence that the defendant, with three other boys, attended the said supper, and that the defendant had the opportunity to get the syrup. Virgil Williams testified in part: "Douglas Roberts said: 'We have got some syrup that we got from Ed Daniels, and we

put it in the sewer-pipe between here and the Moss house.' They asked me if I wanted to make some easy money, and I said 'Yes,' and Douglas Roberts told me about having the syrup." This witness also testified that, referring to the said syrup, the defendant said: "We want you to help us carry it off."

The jury being the judges of the credibility of the witnesses and of the weight of the evidence, we can not say that the verdict was not warranted by the testimony of the witness Williams together with the other evidence in the case. This being true, the trial judge did not err in overruling the general grounds of the motion for a new trial.

The only special ground asserts that the court erred in charging the law relating to incriminatory admissions. In the light of the testimony of the witness Williams the court did not err for the reason alleged. The trial judge would have given a clearer definition of an incriminatory statement if he had followed more closely the following language in the case of *Riley* v. *State*, 1 *Ga. App.* 651 (3), 654 (57 S. E. 1031): "An admission, as applied to criminal cases, is the avowal or acknowledgment of a fact or of circumstances from which guilt *may* be inferred, and only *tending* to prove the offense charged, but not amounting to a confession of guilt." However, the charge contained the substance of the quoted language, and there is no occasion to reverse the judgment because the instruction was not letter perfect.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*