### STUCKEY *v.* THE STATE.

No. 9124.   JANUARY 14, 1933.

*L. C. Harrell, O. J. Franklin,* and *W. A. Wooten,* for plaintiff in error.

*Lawrence S. Camp, attorney-general, M. H. Boyer, solicitor-general, T. R. Gress, assistant attorney-general,* and *J. H. Milner,* contra.

BECK, P. J.   John D. Stuckey and W. W. Bryan were jointly indicted for the murder of George L. Kennedy.   Stuckey was tried separately, and was convicted, the jury recommending that he be punished by imprisonment for life.   Kennedy was shot twice.   At the time he was shot and killed, he was in Stuckey's automobile, with six or seven other men.   After a commitment hearing, both defendants were committed for murder.   At this hearing Bryan testified that Stuckey fired both shots, and Stuckey admitted this, claiming that he acted in self-defense, that at the time of the shooting Kennedy was attempting to cut him; and in support of this defense he introduced in evidence a pair of overalls, and claimed that he was wearing these on the night of the shooting. The overalls had a four or five-inch cut in them; which it was claimed was made by Kennedy.   Upon the trial Stuckey abandoned the plea of self-defense, denied that he fired either of the two shots, and contended that he had nothing to do with the shooting, and that Bryan fired both shots.   Certain of the witnesses testified that Bryan fired one of the shots, and they did not know who fired the second shot.   They were fired very close together, the second immediately after the first.   Other witnesses for the State testified that Stuckey fired both shots.   Stuckey made a statement in which he claimed that he did not fire either shot; that at the commitment trial he had taken the shooting upon himself, hoping thereby

that Bryan would be cleared, Bryan having made promises to him that the matter would be arranged all right.

■ A motion for new trial was overruled, and the defendant excepted. The original motion contains the usual general grounds. In the first ground of the amendment to the motion it is contended that "the court erred in failing to charge the jury to the effect that if the defendant on trial did not kill the deceased, that is, if they should find that this defendant shot and wounded the deceased but that the wound inflicted by this defendant did not cause his death, and that this defendant did not participate in the felonious design of the person who did kill him, but made a separate and independent assault upon the deceased with a weapon likely to produce death, and with a separate intent of his own to kill the deceased, and under such circumstances that if death had ensued it would have been murder, then this defendant would not be guilty of murder or manslaughter, but would be guilty of assault with intent to murder." The court did not err in failing so to instruct the jury. The defendant did not set up the theory that, if guilty, he was guilty only of assault with intent to murder. He made a lengthy statement. His statement was based entirely upon the contention that he did not shoot or fire a shot at Kennedy; that both shots were fired by another man. But if he had contended that the law of assault with intent to murder should be given in charge to the jury and had requested such a charge in writing, such a charge should not have been given. Two shots were fired at the deceased; they were fired almost simultaneously, one immediately after the other. If, as contended by the defendant, he did not fire either shot, he was neither guilty of murder nor of assault with intent to murder. If he fired the fatal shot and it was done not under circumstances of justification or mitigation, he was guilty of murder. The situation presented by the facts in this case was elaborately discussed by Justice Atkinson in *Smith* v. *State,* 127 *Ga.* 262 (56 S. E. 360). In that case it was ruled: "Where one is indicted jointly with others for murder, and it appears upon the trial that there was an actual homicide committed by another of the defendants than the one on trial, it is not competent, under that indictment, to convict the defendant on trial of a separate and independent 'assault with intent to murder,' which he may have committed upon the person slain, immediately before the fir-

ing of the fatal shot, with which he was in no wise connected. It follows that in such a case it is erroneous for the court to so charge the jury as to authorize a conviction of assault with intent to murder, independently of his participation in the particular criminal design which resulted in the death of the person slain." And the principles upon which this ruling was based were fully discussed in the light of the facts there involved; and the ruling is applicable to this case.

■ In the second ground of the amendment to the motion for a new trial it is insisted that the court erred "in failing to charge the jury to the effect that if they should find that the defendant on trial shot and wounded the deceased but that the wound inflicted by this defendant did not cause his death, and did not participate in the felonious design of the person who did kill him, but made a separate and independent assault upon the deceased with a weapon likely to produce death, and with a separate intent of his own to kill the deceased, and under such circumstances that if death had ensued it would have been murder, then this defendant would not be guilty of murder or any grade of manslaughter, and could not be convicted under this indictment." The court did not err in failing to give the instructions contained in this ground. In part, what is said in the preceding division of this opinion is applicable to such a charge; for it contains, by implication, instructions relating to the offense of assault with intent to murder. And besides, the court distinctly charged the jury, "If the defendant, John D. Stuckey, did not unlawfully shoot and kill George Lee Kennedy with a pistol, he would not be guilty of any offense." This charge was more favorable to the defendant than it should have been. Under this charge, the jury could not find the defendant guilty unless he actually shot and killed the deceased, even though he had participated in the felonious design of the person who actually fired the fatal shot. If the defendant had desired a more elaborate charge upon this subject, he should have requested it in writing.

■ Another ground of the motion for a new trial is based upon alleged newly discovered evidence, which consists of affidavits of several witnesses who deposed that certain of the witnesses who testified on the trial had made statements to them which, if true, showed that the testimony given upon the trial was false. It is

unnecessary to set out these affidavits in full. This newly dis-
covered evidence is purely contradictory in character, and would
not have required the grant of a new trial. But besides this, the
statements in the affidavits impeaching several of the witnesses who
testified on the trial are contradicted in affidavits made by the wit-
nesses whose testimony the defendant seeks to impeach. And even
if the rule that newly discovered evidence of an impeaching charac-
ter will not require the grant of a new trial be not invoked, in view
of the affidavits introduced by the State the court did not abuse its
discretion in overruling this ground of the motion.

The ruling stated in the 4th headnote needs no elaboration.
*Judgment affirmed. All the Justices concur.*