## FITZGERALD *v.* THE STATE.

No. 11588.   March 9, 1937.

*J. E. Feagin,* for plaintiff in error.

*M. J. Yeomans, attorney-general, Charles H. Garrett, solicitor-general,* and *George L. Goode,* contra.

HUTCHESON, Justice.   Jesse Fitzgerald was tried on an indictment charging him with the murder of Susie Smith.   The evidence was in conflict.   Certain witnesses for the State testified to facts tending to show that the defendant shot Susie Smith with a pistol under circumstances amounting to murder; whereas it appeared from the defendant's witnesses and from his statement that he did not shoot her, but that he was attacked by several men at the home of her mother, and that one of these men attempted to shoot him, and Susie Smith, by throwing her body in front of the defendant, received the bullet intended for him, which fatally wounded her. The jury returned a verdict finding the defendant guilty of murder, without recommendation; and he was sentenced to death.   He moved for a new trial, and to a judgment overruling his motion he excepted.·

20

1. Two grounds of the motion for new trial assign error on the overruling of a motion to declare a mistrial. It appears that the solicitor-general, in his opening statement to the jury as to what he expected to prove, stated "that the defendant lived about a block away from where the homicide occurred, and that he maintained a sort of combination house and store or café there, and that he only had a counter and one or two chairs there, and that there was just about $7.50 worth of merchandise in it, and that it was nothing more or less than a 'bootlegging establishment.'" The defendant's counsel, in moving to declare a mistrial, stated that this tended to prejudice him, that it put his character in issue, that the kind of establishment which he operated had no connection with the offense for which he was on trial, and that the purpose of such statement by the solicitor-general was not to show intent, motive, scheme or the like (see *Cawlhon* v. *State,* 119 *Ga.* 395, 46 S. E. 897; *Merritt* v. *State,* 168 *Ga.* 753, 149 S. E. 46), but to establish the fact in the minds of the jury that the defendant was a man of bad character. The judge thereupon stated to the jury: "You can not convict this defendant on this charge here whether he ran a bootlegging joint or not. Don't consider that statement of the solicitor-general, [that] 'he ran a bootlegging joint.' The question for you to try is whether he is guilty of the charge as laid in the indictment. That is the only question you are concerned with. I will not declare a mistrial." It appears that immediately afterward the solicitor-general remarked to the jury, "Well he only had about $7.50 worth of merchandise down there." It further appears that while a witness for the State, a police officer who had arrested the defendant on the day before the homicide for beating the deceased, with whom he lived (it being the contention of the State that the defendant was angry because of such arrest at the instance of the deceased, which was his motive for murdering her), was on the witness-stand, and was being questioned about whether he was acquainted with the defendant by reason of his having had dealings with him as a police officer, volunteered the statement that the defendant had given the police officers of the city a great deal of trouble ever since he had been living up over the store place and had been operating the same (the place mentioned by the solicitor-general in the foregoing remark). The defendant again moved to declare a mistrial,

for the reasons stated above. Again the judge refused the motion, but stated to the jury that they were not to consider this statement of the witness, but were to obliterate it from their minds, and that "this case is to be tried on its merits; it must stand or fall on the evidence introduced from the witness-stand, and nothing else."

Again, it appears that while a witness for the defendant was on the stand, he was permitted, over objection that it was irrelevant and prejudicial, to testify, in response to questions propounded to him by the solicitor-general on cross-examination: "I never worked for Jesse [the defendant]. I have been arrested for being there with Jesse. I have been arrested at Jesse's place." The defendant contends, in his motion for a new trial, that by this testimony his character was improperly attacked and put in issue by the State, and that such evidence tended to prejudice him before the jury and to show that he was a bad man, and operated a place of ill repute.

Under the facts of this case, whether or not the defendant operated any place of ill repute, dive, or bootlegging joint, whether or not he had been frequently arrested by the police and had given them much trouble since he had been operating the store place or café underneath where he lived, and the fact that other people had been arrested for being at such place, had nothing to do with the offense for which he was being tried, and tended to place his character in issue and to prejudice him in the minds of the jury. There was no contention or effort on the part of the State to show that such facts were proper to illustrate motive, intent, scheme, etc., and none of them had any bearing on whether the defendant killed the deceased or whether she was killed by another person who was attempting to shoot the defendant at the time. Such facts tended to show to the jury that the defendant was a man of general bad character, a criminal, a bootlegger, and the operator of a bootlegging establishment and place of ill repute frequented by undesirable characters, and that he was a troublesome, dangerous, and undesirable person. Every person charged with crime is presumed to be innocent until he is proved guilty by competent evidence. *Thigpen* v. *State,* 11 *Ga. App.* 846, 850 (76 S. E. 596). The constitution of this State insures to one charged with a crime against the laws thereof that he shall have a trial by an

impartial jury. Code, § 2-105. Therefore it is essential that the jury be not improperly influenced or prejudiced against the person on trial. It is a general rule that if the jury act from passion or prejudice against the accused in rendering their verdict against him, a new trial will be granted. *Flanagan* v. *State*, 106 *Ga.* 109 (32 S. E. 80). For instance, where they have read matter prejudicial to the defendant. In *Styles* v. *State*, 129 *Ga.* 425 (59 S. E. 249, 12 Ann. Cas. 176), it was said, in the opinion prepared by Justice Atkinson: "Perfect impartiality in the juror is the object of the law. Anything not legitimately arising out of the trial of the case, which tends to destroy the impartiality of the juror, should be discountenanced. . . Verdicts should be the result of calm deliberation, founded upon the law and evidence. The accomplishment of that object can never be assured where irrelevant things which tend to destroy the impartiality of the jurors are allowed to creep into the trial." It has been held that where a juror overhears remarks prejudicial to the accused, the juror is presumed to have been prejudiced and influenced against the accused thereby. *Downer* v. *State*, 10 *Ga. App.* 827 (74 S. E. 301). A new trial is required where improper evidence which is harmful to the defendant is allowed over objection, where it can not be said that such evidence did not prejudice the defendant. See *Owens* v. *State*, 118 *Ga.* 753 (45 S. E. 598) ; *Johnson* v. *State*, 128 *Ga.* 71 (57 S. E. 84) ; *Brown* v. *State*, 119 *Ga.* 572 (46 S. E. 833). The general character of the accused, and especially his conduct in other transactions, are irrelevant matter, unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct. Code, § 38-202. See *Moose* v. *State*, 145 *Ga.* 361 (89 S. E. 335). The State can not properly put in issue in a criminal case the general character of the defendant. *Moulder* v. *State*, 9 *Ga. App.* 438 (71 S. E. 682). Therefore it is a violation of the law and erroneous for the court to allow to go before the jury proof tending to show other crimes or conduct of the defendant. *Griffin* v. *State*, 15 *Ga. App.* 552 (83 S. E. 871).

Argument of counsel based on matter not in evidence, over objection of the defendant, requires a new trial. *Washington* v. *State*, 87 *Ga.* 12 (13 S. E. 131). Improper and prejudicial argument of counsel is ground for a new trial to the defendant. *Johnson* v.

*State,* 88 *Ga.* 606 (15 S. E. 667). Where the solicitor-general, in his address to the jury, uses highly improper language not authorized by the evidence or any fair deduction therefrom, and counsel for the accused objects thereto and moves that the court declare a mistrial, which the court refuses, a new trial will be granted in the interest of justice, which requires a fair trial. *Ficken* v. *State,* 97 *Ga.* 813 (25 S. E. 925) ; *Butler* v. *State,* 142 *Ga.* 286 (82 S. E. 654). 8 Cum. Dig. 1009. See the recent case of *Georgia Power Co.* v. *Puckett,* 181 *Ga.* 386 (182 S. E. 384), and authorities therein cited and analyzed, where this court reversed the judgment of the Court of Appeals for holding that certain improper remarks of counsel to the jury did not require a new trial, where the judge had reprimanded counsel and instructed the jury not to consider them. In the present case the improper and irrelevant matter concerning defendant's character and conduct in operating a place of ill repute and bootlegging joint was so frequently and repeatedly injected into this case that this court can not say, as a matter of law, that the defendant was not prejudiced thereby, even though the judge in two instances instructed the jury not to consider the same. It will be noted, however, that the judge did not reprimand or rebuke counsel; and also that after the judge had instructed the jury not to consider the improper remarks of the solicitor-general, that officer persistently repeated a portion thereof, as to which no rebuke, admonishment, or instruction was given. Also, the evidence objected to, obtained from defendant's witness on cross-examination, was not ruled out, and remained before the jury. It is proper for the court to censure counsel for manifestly improper conduct, and in a proper case the court should reprimand or admonish counsel for indulging in improper statements or arguments before the jury. See *Alvaton Mercantile Co.* v. *Caldwell,* 34 *Ga. App.* 151 (128 S. E. 781) ; *Adkins* v. *Flagg,* 147 *Ga.* 136 (93 S. E. 92). In some instances this will cure the impropriety, if the misconduct is not repeated. Where the conduct of the attorney warrants a reprimand, a mere placid direction by the court will not suffice. Whenever necessary, the court may and should admonish the jury to disregard improper arguments, whether requested to do so or not, but especially where properly requested so to do; and unless the misconduct is so prejudicial that its injurious effect can not be eradicated,

24

the error in counsel's misconduct is cured by an admonition to disregard the impropriety, by cautioning the jury to decide the case on the evidence and not on counsel's statements, and that statements of counsel are not to be regarded as evidence. While the language of the court need not be a direct admonishment, a mere perfunctory statement not to consider has been held not sufficient, and a general instruction to try the case free from bias and prejudice and wholly on the evidence is not tantamount to directing the jury to disregard counsel's improper remarks. The court must so admonish the jury as to remove the prejudice resulting from the misconduct; and in some cases an admonishment to the jury to disregard the remarks of counsel will not correct their effect. The misconduct may be such that the sustaining of objections thereto is not sufficient; and where the argument is very prejudicial, in addition to sustaining an objection the judge should reprimand counsel, require the improper remarks to be withdrawn, and instruct the jury to disregard them, in order to alleviate the harmful effect; and where the court has sustained an objection to remarks, it is the duty of counsel to desist from further argument of the same character. The misconduct of counsel in this regard may be such that its effect can not be overcome, and misconduct so prejudicial that the verdict of the jury must have been influenced thereby is not cured by an admonition to the jury, or by sustaining an objection thereto, or by rebuke or admonition of counsel, or by withdrawal by counsel; but the court should grant a mistrial. 64 C. J. 290-296. See Graham *v.* U. S., 231 U. S. 474 (34 Sup. Ct. 148, 58 L. ed. 319) ; *Collins Park &c. R. Co.* v. *Ware,* 112 *Ga.* 663 (37 S. E. 975) ; *City of Americus* v. *Gammage,* 15 *Ga. App.* 805 (84 S. E. 144) ; *Pelham & Havana R. Co.* v. *Elliott,* 11 *Ga. App.* 621 (75 S. E. 1062) ; *Central Georgia Power Co.* v. *Cornwell,* 143 *Ga.* 9 (84 S. E. 67) ; *Maddox* v. *Morris,* 110 *Ga.* 309 (35 S. E. 170) ; *Southern Ry. Co.* v. *Gentle,* 36 *Ga. App.* 11 (135 S. E. 105) ; *City of Rome* v. *Harris,* 12 *Ga. App.* 756 (78 S. E. 475) ; *Heinz* v. *Backus,* 34 *Ga. App.* 203 (128 S. E. 915).

It is our opinion, under the particular facts of this case, that improper and irrelevant matter was injected into the trial, not once but several times; and in view of the death sentence, and of the fact that the evidence was in sharp conflict, as well as other circumstances above referred to, we can not hold that the defend-

ant was not prejudiced, and that the jury were not influenced thereby. Furthermore, the presumption is that the jury were influenced thereby. See *Downer* v. *State*, supra. For these reasons, the judge erred in not granting a new trial.

2. The assignments of error in the remaining special grounds of the motion for new trial are not meritorious. As a new trial is granted, the sufficiency of the evidence is not passed on.

*Judgment reversed. All the Justices concur, except Bell, J., who dissents.*

ATKINSON, J., concurs in the result.