*F. M. Gleason,* for plaintiff. *Rosser & Shaw,* for defendants.

## NELSON *v.* THE STATE.

No. 12579.   JANUARY 10, 1939.   REHEARING DENIED FEBRUARY 18, 1939.

*Harry M. Wilson,* for plaintiff in error.

*M. J. Yeomans, attorney-general, John S. Gibson, solicitor-general, E. J. Clower* and *E. G. Arnall,* contra.

DUCKWORTH, Justice. ■ The motion for new trial assigns error upon the following excerpt from the charge to the jury: "An admission, as applied to criminal cases, is the avowal of a fact or circumstance by the defendant, not amounting to a confession of guilt, but tending to prove the offense, and from which guilt may be inferred," on the ground that there was no evidence showing or

tending to show an admission; and because, although the defendant in his statement admitted that he helped plan the conspiracy to kill the deceased, he never admitted that he fired the shot that killed him; and because the court used the article "the" instead of the article "a" preceding the word "defendant," and thereby expressed an opinion that the defendant had made an admission when he had not, in violation of the Code, § 81-1104. The evidence and the defendant's statement on the trial supported such a charge, and it was not error for any of the reasons assigned. *Riley* v. *State*, 1 *Ga. App.* 651 (3) (57 S. E. 1031); *Roberts* v. *State*, 43 *Ga. App.* 108 (2) (157 S. E. 887); *Turner* v. *State*, 138 *Ga.* 808, 811 (76 S. E. 349).

■ The motion complains of the following excerpt from the charge: "If two or more persons form a common intent and purpose to commit a crime, and in pursuance of such common intent and purpose such a crime is actually committed, then and in that event the act of each person aiding and abetting in the commission of the crime is attributable to, and is the act of, all so present, aiding and abetting in the commission of the crime, and acting with a common intent and purpose to commit the crime," because of the use of the article "the" instead of the article "a" immediately before the word "crime" wherever it appears in said charge; and as the indictment charged defendant alone with shooting the deceased with a pistol, and there were no indictments against others for the same killing, therefore defendant must be the perpetrator and can not be proved to be an aider or abettor. It will be noted that the charge complained of begins with the words, "If two or more persons form a common intent and purpose to commit *a crime*," thereby making the word crime when used a general term, and thus explaining the use of the article "the" in other portions that follow. It is well settled by this court that one indicted alone as the actual perpetrator of the crime of murder may be convicted under such indictment upon proof that he was present aiding and abetting the actual perpetrator in the commission thereof, and participated in the felonious design. In *Collins* v. *State*, 88 *Ga.* 347 (14 S. E. 474), it was held: "One indicted as principal merely can be convicted on evidence proving him guilty as principal in the second degree, if the facts be such as that the act by which the crime was perpetrated will, on established

principles of law, be imputed to him as committed by himself through the agency of another. In such case, the distinction of degrees is immaterial." The principle thus ruled was reasserted in *Johnson* v. *State,* 151 *Ga.* 21 (2) (105 S. E. 603), where the decisions in *Washington* v. *State,* 36 *Ga.* 222, and *Shaw* v. *State,* 40 *Ga.* 120, holding otherwise, were reviewed and expressly overruled in so far as they were in conflict with what was ruled in the *Johnson* case. In *Hatcher* v. *State,* 176 *Ga.* 454 (5) (168 S. E. 278) it was again held: " 'Where principals in the first and second degrees are punished alike, no distinction between them need be made in the indictment. The act of one is the act of all.' In this State there is no difference between the punishment of a principal in the first degree and that of a principal in the second degree; and where this is true, a principal in the second degree may be convicted on an indictment charging him separately as principal in the first degree." It may therefore be said that the law is settled, to the effect that one indicted alone as a principal in the first degree may be convicted under that indictment upon evidence proving him guilty as a principal in the second degree; and that such proof is admissible on the trial, although no other person is indicted in connection with the same crime. This ground is without merit.

■ Errors are assigned on the following charges of the court: (Ground 7) "Conspiracy consists in a corrupt agreement between two or more persons to do an unlawful act, unlawful either as a means or as an end. This agreement may be established by direct proof, or by inference as a deduction from conduct which discloses a common design on the part of the persons charged to act together for the accomplishment of the unlawful purpose." (8) "Participation in the commission of the same criminal act, and in the execution of a common criminal intent, is necessary to render one criminal, in a legal sense, an accomplice of another criminal." (11) "On the other hand, if he was present at or near the scene of the crime, if you find there was a crime, and did in some way aid, abet, procure, or participate in it, he would be an accomplice." (12) "I charge you further, gentlemen, that if you find any of the witnesses who have testified in the case is an accomplice, or are accomplices, themselves, and could have been indicted, or have been indicted, for the offense, either as principal or accessory, then and in that event they would be accomplices." Under what is ruled in

the preceding division of this opinion, the assignments of error on the excerpts from the charge just quoted are without merit.

■ Ground 6 complains that the court erred in charging the jury as follows: "The jury may believe admissions or incriminatory statements in whole or in part, believing that which they find to be true and rejecting that which they find to be untrue." The grounds of assignment were in substance the same as made in ground 4, and the rulings there made are applicable to this ground. There is no merit in this assignment of error.

■ Ground 9 complains that the court erred in failing to charge the jury as follows: "A person shall not be found guilty of any crime or misdemeanor committed by misfortune or accident, and when it satisfactorily appears there was no evil design, or intention, or culpable neglect." There was no evidence of probative value that would require or authorize this charge. A cook who saw defendant standing over the deceased immediately after the shot said that defendant then said, "He accidentally shot himself." Another witness testified that the defendant asked him the day after the shooting if it could have been an accident. The defendant said that in the conspiracy by the two girls and himself to kill the deceased it was agreed that they should say it was an accident. But in his statement on the trial he said that it was not an accident, and said he saw Verna Mae Fowler shoot the deceased. There being no evidence tending to show that it was an accident, this assignment of error is without merit.

■ Ground 10 complains of the ruling of the court in refusing a request to declare a mistrial because of statements and conduct of the solicitor-general. The witness Verna Mae Fowler testified for the State that she saw the defendant shoot the deceased, and admitted that at a previous hearing in the case she had sworn that she knew nothing about it, but explained that the reason she failed to tell the truth in her previous testimony was that she was afraid of the defendant and did not know he was in jail. Immediately after giving this testimony defendant's counsel took her on cross-examination, and his first question was: "Mr. Harvey Nelson was in Ware County jail, and you were in Savannah, and they went down there and you didn't tell them at first?" Before the witness answered the question the solicitor-general, in the presence and hearing of the jury, said: "And she did tell us that the first time

that we ever went to Savannah jail." Defendant's counsel then made his motion as follows: "We object to that, and make a motion to declare a mistrial in this case, because Mr. Gibson is a representative of the State, and he is not a witness in the case, and the defendant in every case has the right to be furnished a list of the witnesses, and they should be sworn, with the right of cross-examination." Thereupon the court said: "I overrule your motion for a mistrial, and instruct the jury not to consider the statement with reference to what Mr. Gibson said about going to Savannah and what was stated there. You will not consider that statement, gentlemen, and the motion for a mistrial is overruled."

The statement of the solicitor was improper, and in the absence of appropriate action by the trial judge might perhaps have required the grant of a new trial. It is the purpose of the law that every one shall have a fair trial, and if convicted of crime that conviction must be brought about and be supported by competent and legal evidence, and that alone. Such a fair trial is not had where improper remarks or conduct by the State's attorney is permitted in the presence and hearing of the jury, without appropriate action of the court to protect the accused against the damaging effect of such improper remarks. But this court has repeatedly held that if the trial judge acts immediately, and in the exercise of his discretion takes such action as in his judgment prevents harm to the accused as a result of such improper statements, a new trial will not be granted unless it is clear that such action failed to eliminate from the consideration of the jury such improper statements. *Brown* v. *State,* 148 *Ga.* 264, 266 (96 S. E. 435) ; *Johnson* v. *State,* 150 *Ga.* 67 (1) (102 S. E. 439) ; *Waller* v. *State,* 164 *Ga.* 128 (4) (138 S. E. 67). In the *Brown* case, supra, the solicitor-general said: "The humble home of the little negro and the blood is crying out for vengeance." The trial judge immediately rebuked the solicitor and instructed the jury not to consider his statement, and this court held that the refusal of the court to declare a mistrial was not error. In the *Johnson* case, supra, this court held that it was improper for the prosecuting attorney to tell the jury that he believed the defendant guilty, but that where the trial judge promptly expressed disapproval of the remark and instructed the jury not to consider it in rendering their verdict, the refusal to declare a mistrial on account of such remark did not require the grant of a new

trial. In the *Waller* case, supra, the prosecuting attorney made the following statement: "This witness knows lots of things that are not admissible against this defendant." The trial judge immediately instructed the jury as follows: "I also state to you gentlemen, the remark made by Mr. Camp, you will pay no attention to it. I rule that out." This court held: "In view of this statement by the court this ground of the motion is not cause for the grant of a mistrial."

In the instant case the trial judge acted immediately, which action constituted a rebuke to the solicitor-general and an instruction to the jury not to consider his statement. We can not say that the action of the court failed to protect the defendant from any harm as a result of the solicitor's statement. It was not error to refuse a mistrial.

■ The verdict is supported by the evidence, and the general grounds of the motion are without merit.

*Judgment affirmed. All the Justices concur.*