20795. BROWN *v.* THE STATE.

ARGUED FEBRUARY 8, 1960—DECIDED MARCH 16, 1960.

*George C. Kennedy, Ben R. Freeman, H. Briscoe Black, G .C. Thompson, Claude A. Bray, Jr., John K. Weeks,* for plaintiff in error.

*Wright Lipford, Solicitor-General, W. S. Allen, Eugene Cook, Attorney-General, Rubye G. Jackson, Deputy Assistant Attorney-General,* contra.

ALMAND, Justice. The defendant was indicted for murder. Upon the call of the case, he filed a special plea of insanity. A special jury was impaneled to try the plea, and a verdict was returned finding against the plea. The defendant was then put on trial for murder, and was convicted without a recommendation of mercy. He filed a motion for new trial upon his special plea and upon his conviction of murder. These motions were denied, and he excepts to these judgments.

■ The assignment of error on the denial of the amended motion for new trial on the special plea of insanity presents but one question: that is, whether the trial judge erred in submitting in his charge to the jury the "right and wrong" test as the sole and proper criterion for determining the issue of the present insanity of the defendant at the time of the trial. It is unquestioned that the general test of criminal responsibility in this State when insanity is interposed as a defense to the crime itself, under the provisions of Code § 26-303, is, as substantially charged by the trial judge in the instant case, that of whether one has reason sufficient to distinguish between right and wrong in relation to the particular act about to be committed. *Rozier* v. *State,* 185 *Ga.* 317, 320 (195 S. E. 172), and cases therein cited. We have been unable, however, to find any decision of this court or the Court of Appeals which establishes any criteria for determining that condition of insanity which will preclude trial under the provisions of Code § 27-1504.

In Freeman *v.* People, 4 Denio (N.Y.) 9 (47 Am. Dec. 216), the court in considering the test of insanity to be applied under a statute similar to that of Code § 27-1504 held that the trial judge erred in submitting to the jury the "right and wrong" test on the question of present insanity at the time of the trial. Justice Beardsley in delivering the opinion of the court said: "The statute declares that 'no insane person can be tried, sentenced to any punishment, or punished for any crime or offense, while he continues in that state,' (2 R. S. 697, § 2). This although new as a legislative enactment in this state (3 *id.* 832) was not introduc-

tory of a new rule. [p. 19] . . . The common law, equally with this statute, forbids the trial of any person in a state of insanity. This is clearly shown by authorities which have been referred to, and which also show the reason for the rule, to wit, the incapacity of one who is insane to make a rational defense. The statute is in affirmance of this common law principle, and the reason on which the rule rests furnishes a key to what must have been the intention of the legislature. If, therefore, a person arraigned for a crime, is capable of understanding the nature and object of the proceedings going on against him; if he rightly comprehends his own condition in reference to such proceedings, and can conduct his defense in a rational manner, he is, for the purpose of being tried, to be deemed sane, although on some other subjects his mind may be deranged or unsound. [p. 24]" The court then held that the proper question to submit to the jury in such cases is, whether the prisoner is so far sane as to be competent to make his defense, if one he has.

In People v. West, 25 Cal. App. 369, 371 (143 P. 793), it was stated: "It cannot be too strongly emphasized that the question presented to the court was different from that involved in the consideration whether the defendants were responsible for the alleged homicide. As to their responsibility for the crime charged, the inquiry must be whether they knew the difference between right and wrong and could distinguish the quality and consequence of their act, but here the question was whether they were mentally competent to make a rational defense. . . Of course, a person may be sane enough to be responsible for crime, and yet incapable of making his defense, and on the other hand he may have mental capacity to be placed on trial, and yet be insane within the contemplation of the law as to responsibility for a criminal act."

This distinction, recognized at common law, between that condition of insanity that excuses crime and the insanity that arrests trial; and the rejection of the "right and wrong" test when the question is that of the latter, has been followed without exception by the several state and federal jurisdictions. See for example: Marshall v. Territory, 2 Okla. Cr. 136 (101 P. 139); State v. O'Grady, 5 Ohio S. & C. P. Dec. 654; Deeb v. State, 118

Fla. 88 (158 So. 880); State *v.* Peacock, 50 N. J. L. 34 (11 A. 270); Jordan *v.* State, 124 Tenn. 81 (135 S. W. 327); Guagando *v.* State, 41 Tex. 626; State *v.* Helm, 69 Ark. 167 (61 S. W. 915); State *v.* Arnold, 12 Iowa 479; United States *v.* Chisolm, 149 F. 284; Annotations, 3 A. L. R. 94, 38 L. R. A. 577, 579; 14 Am. Jur. 802, Criminal Law, § 45; 44 C. J. S. 283, Insane Persons, § 127.

It is our opinion that Code § 27-1504, which guarantees to one charged with crime that he shall not be tried while in a condition of insanity (*Baughn* v. *State,* 100 *Ga.* 554, 28 S. E. 68, 38 L. R. A. 577), and Code § 27-1502, which secures to such individual the right to have the question of his mental condition at the time of the trial inquired into before being required to plead to the indictment (*Long* v. *State,* 38 *Ga.* 491), are declaratory of the common-law rule which forbids the trial of any person while he is in a state of insanity; and the reason upon which such rule rested at common law—that is, the incapacity of one who is insane to make a rational defense—furnishes the guiding principle for their proper application.

We therefore conclude that the issue raised by the special plea of insanity at the time of the trial is not, whether the defendant can distinguish between right and wrong, but is, whether he is capable at the time of the trial of understanding the nature and object of the proceedings going on against him and rightly comprehends his own condition in reference to such proceedings, and is capable of rendering his attorneys such assistance as a proper defense to the indictment preferred against him demands. This being true, the trial judge erred in submitting in his charge to the jury the "right and wrong" test as the proper basis for determining the competency of the defendant to stand trial on the indictment for murder on the issue made by the special plea of insanity; and such error requires the grant of a new trial on said plea.

The trial court having erroneously denied the motion for new trial on the special plea of insanity, and the defendant being entitled to have such plea disposed of legally before being arraigned on the indictment, it follows that the motion for new trial assigning error on his conviction as being contrary to law should have been granted.

*Judgment reversed.   All the Justices concur.*