## 22797. PURCELL v. HILL.

CANDLER, Justice. The Court of Appeals (in case No. 40759) certified to this court for answer the following question:

"Where counsel for the plaintiff, in making his argument to the jury, makes improper and prejudicial statements, and where

counsel for the defendant, upon such argument being made, objects thereto and moves the court to reprimand offending counsel for making such improper argument, and where the court instead of reprimanding counsel merely instructs the jury: 'Ladies and gentlemen of the jury, try this case according to the evidence and I rule that out, just don't pay any attention to that,' is it necessary for counsel for the defendant to renew his motion that the court reprimand counsel for the plaintiff or that he invoke any further ruling by the court in order for the defendant to have a review in the appellate court of the action of the trial court in refusing to reprimand counsel for the plaintiff?" *Held:*

The method employed by the trial judge for the purpose of reprimanding plaintiff's attorney for improper and prejudicial statements made in his argument to the jury was to instruct the jury to try the case according to the evidence and to say to the jury, "I rule that out, just don't pay any attention to that." This was action which the trial judge took as his compliance with the motion to reprimand. If defendant's counsel was not satisfied with such action by the judge, he should have renewed his motion promptly and by his failure to do so the judge was in our opinion authorized to conclude that defendant's counsel was satisfied with the action he had taken. The question propounded is therefore answered in the affirmative. See *Code* § 81-1009; *Johnson v. State,* 150 Ga. 67 (1) (102 SE 439) ; *Nelson v. State,* 187 Ga. 576 (6) (1 SE2d 641) ; *Wells v. State,* 194 Ga. 70 (5) (20 SE2d 580) ; *Boyers v. State,* 198 Ga. 838, 844 (4) (33 SE2d 251) ; *Ehrlich v. Mills,* 203 Ga. 600 (4) (48 SE2d 107) ; and *Kendrick v. Kendrick,* 218 Ga. 460, 462 (4) (128 SE2d 496).

*Certified question answered in the affirmative. All the Justices concur.*

Submitted January 12, 1965—Decided February 4, 1965—
Rehearing denied February 18, 1965.

*Heard & Leverett, C. Patrick Milford,* for plaintiff in error.
*Davis & Davidson, Marshall L. Allison,* contra.