23421. BACON v. THE STATE.

SUBMITTED APRIL 11, 1966—DECIDED MAY 6, 1966.

*Estes, Bush & Shipp, B. Robert Shipp, Robert S. Slocum, Adams, O'Neal, Steele, Thornton & Hemingway,* for appellant.

*Jack J. Gautier, Solicitor General, Arthur K. Bolton, Attorney General, Rubye G. Jackson, Assistant Attorney General, Fred M. Hasty, Assistant Solicitor General,* for appellee.

QUILLIAN, Justice. ■ The defendant filed a special plea of insanity which read as follows: "that at this time of trial, he is insane; that he has not sufficient mind and mental capacity to understand the nature and object of the proceedings against him, and does not rightly comprehend his own condition in reference to such proceedings; and he is incapable of making his defense or of rendering to his attorneys such assistance as a proper defense to the indictment against him demands." Upon the trial of the special plea the defendant was found to be sane. The first enumeration of error recites: "the trial court erred when it allowed the defendant to be called over the objection by counsel for the defendant for purposes of cross examination in the trial on the special plea of insanity."

The State's insistence is that the trial of the plea of insanity was a civil proceeding and, hence, the statute, *Code* § 38-1801, as amended, (Ga. L. 1945, p. 227, and Ga. L. 1947, p. 568), which permits the opposite party in civil cases to be called for cross examination is applicable.

Since the language of *Code* § 27-1502 provides that the special plea of insanity be tried by a special jury and that "if found to be true, the court shall order the defendant to be delivered to the superintendent of the Milledgeville State Hospital," which is not a criminal sanction, we hold that the proceeding is civil in nature. Thus, the State may call the defendant for purpose of cross examination on the trial of the special plea of insanity. However, it must be pointed out that no question may be propounded to the accused or inquiry be made upon hearing touching the matter of his guilt or innocence.

Upon the hearing had in the present case the defendant's own testimony, as well as the unsworn statement made by him on the trial of the main case, proved conclusively that he was sane at the time of the trial.

The only other evidence offered in support of the plea was the testimony given by one of the defendant's counsel. On direct examination he testified: that he had visited the defendant in the Bibb County jail and talked with him "twenty or more times"; that he thought the defendant was insane. The witness testified as to the extent, in his opinion, the defendant was insane by relating: "I think David Bacon lacks sufficient mind and sanity in order to understand the nature and the object of this procedure brought against him. I do not think he rightly comprehends his position in relation to this proceeding and he is unable and uncapable to assist us in making his own defense and also in assisting us to make a defense for him in what the indictment demands in this proceeding."

However, on cross examination the witness testified very candidly: "Q. Has he been able to tell you where this thing happened? A. He is good as far as details go but as far as the overall picture, the whole thing is hazy to him. Q. Does he realize that he has killed some one? A. Ah, I believe he does. Q. And do you realize that while he has been in jail that he has had medication for his eyes and he has requested that those prescriptions be refilled and brought to him? A. He has. . . Q . . . you said he could give you minute details and facts concerning his contentions in this case? A. Yes, sir, that is right. Q. And have you explained to him what is going on here this morning? A. Yes, sir. Q. He knows he is on trial and will be placed on trial if this plea is denied? A. Yes, sir. Q. Does he know the offense with which he is charged? A. Yes, sir. He knows the name of it. Q. Does he know who he is charged with killing? A. Yes, sir. Q. Does he know where the offense happened, the alleged offense happened? A. Yes, sir. Q. Does he know when? A. Roughly."

Where as here a nonexpert witness gives in detail the facts upon which he bases his opinion and those facts obviously disprove the conclusion reached by him, his testimony does not sup-

port his opinion. *Gordy Tire Co. v. Bulman*, 98 Ga. App. 563, 564 (106 SE2d 332); *Herrington v. Shumate Razor Co.*, 6 Ga. App. 861, 864 (65 SE 1064); *State Hwy. Dept. v. Sinclair Ref. Co.*, 103 Ga. App. 18, 23 (118 SE2d 293). When counsel, as a witness, testified that the defendant gave him minute details and facts concerning his contentions in the case, knew he would be placed on trial, knew the offense with which he was charged and whom he was charged with killing, and where and "roughly" when the offense happened, it is apparent that the effect of the testimony is to show the defendant is sane within the contemplation of the rule pronounced in *Brown v. State*, 215 Ga. 784, 787 (113 SE2d 618).

The evidence demanded a finding that the defendant was sane. Hence, grounds 2 and 3 complaining of charges by the trial judge were not error.

■ The fourth complaint made by the enumeration of errors is: "the trial court erred in its charge to the jury when it undertook to define a reasonable doubt." Charges on the subject of reasonable doubt in substantially the same language as is here complained of were approved in the cases of *Bonner v. State*, 152 Ga. 214, 215 (1) (109 SE 291), *Connell v. State*, 153 Ga. 151 (2) (111 SE 545), and *Hatcher v. State*, 176 Ga. 454, 466 (11) (168 SE 278).

■ The fifth complaint presented by the enumeration of errors is: "the trial court erred in its charge to the jury on the degree of corroboration sufficient to support an admission or inculpatory statement." The court charged: "An admission or inculpatory statement may be sufficiently corroborated by satisfactory proof, by direct or circumstantial evidence, to the reasonable and moral certainty of the jury, and to the exclusion of every other reasonable theory, that the crime charged in the indictment, in the manner and form, as alleged in the indictment, that is, the killing of Doris Hunter, as alleged in the indictment, was done by some one in Bibb County, Georgia, the degree of corroboration which the law requires of an admission or inculpatory statement is a question for the jury and the jury would have to decide whether satisfactory proof to a reasonable and moral certainty and to the exclusion of any other reasonable theory that Doris

Hunter was killed by some one, as alleged in the indictment, would be a sufficient corroboration of any admission or inculpatory statement, freely and voluntarily made by the defendant, if he made any such admission or inculpatory statement."

The charge in the present case on the subject of corroboration was not susceptible to the criticism made in the argument of counsel that "the charge is garbled and confusing and that the trial jury could have easily been misled into believing that the corpus delicti could be established by an incriminating admission and then after being established, that the corpus delicti may corroborate the incriminating admission", and while not as clear as might be desired, was not unfavorable to the defendant. Certainly the defendant could not have been hurt by a lack of clarity in the criticized charge, because in his unsworn statement, in open court, he admitted inflicting the wounds from which the deceased's death resulted.

■ There was no insistence that the evidence did not sustain the verdict.

*Judgment affirmed. All the Justices concur.*