### 21896. WILSON v. BROWN, Executor.

DUCKWORTH, Chief Justice. 1. When the attestation clause of a will recites all the facts essential to its due execution as a will, and it is shown that the alleged testatrix and those whose names appear thereon as witnesses actually affixed their signatures to the paper, a presumption arises that it was executed in the manner prescribed by law. *Underwood v. Thurman,* 111 Ga. 325 (36 SE 788) ; *Wells v. Thompson,* 140 Ga. 119 (78 SE 823, 47 LRA (NS) 722, AC 1914C 898) ; *Shewmake v. Shewmake,* 144 Ga. 801 (87 SE 1046) ; *Thornton v. Hulme,* 218 Ga. 480 (128 SE2d 744). It follows that there was no error in admitting in evidence the will which contained the attestation clause and the names of the testatrix and witnesses. The mere fact that by the caveat the proper witnessing of the will was contested was not grounds for disallowing its introduction in evidence.

2. While the propounder is required to prove the will by the witnesses or show their inaccessibility (*Code Ann.* § 113-602; Ga. L. 1958, pp. 657, 660; 1959, pp. 136, 137) ; and while the propounder failed to do this as relates to the witness Bergen who was a resident of another State yet in court at the trial, and propounder knew this, and such failure would defeat probate; yet, where, as here, no complaint on this account was made by the caveator who thereafter voluntarily placed this witness upon the stand as a witness, the failure of the propounder was thereby compensated for, and thereafter the

claim by the caveator that it was error for propounder to fail to introduce the witness is without merit.

3. In addition to attacking the instrument offered for probate upon the grounds that the testatrix neither signed it in the presence of the witnesses nor thereafter acknowledged to them that she signed it, the caveator goes further and alleges that he has filed for probate another will of the testatrix. The testimony of Darius N. Brown, a witness for the propounder, that in the spring of 1960, after testatrix had in 1941 returned the will to him, he had a conversation with the testatrix "with respect to this particular will which I had drawn for her in July 1941" in which she asked him if he still had her will, and when he replied in the affirmative she said, "I am expecting you to look after everything for me, that is my will and that is the way I want it," was relevant to the issue made by the caveat. It definitely identified the instrument to which the testatrix was referring, and although hearsay it was not-inadmissible on this account. *Patterson v. Hickey*, 32 Ga. 156; *Burge v. Hamilton*, 72 Ga. 568; *Rea v. Pursley*, 170 Ga. 788, 793 (154 SE 325). It was not error to admit the testimony over the objection that it was hearsay, material, prejudicial and harmful. Since both sides were contending that the testatrix had made a will, it could not have been harmful to either for the witness, Mrs. Hogan, to testify that testatrix told witness that she had made a will. These assignments of error are without merit.

4. We reject outright the affidavit of a character witness to the effect that his testimony was false. To warrant a new trial on account of perjury there must be shown a conviction therefor. *Code* § 110-706.

5. No error appearing, the trial court did not err in overruling the motions for new trial, as amended and for judgment notwithstanding the verdict.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 14, 1963—DECIDED FEBRUARY 7, 1963—
JUDGMENT ADHERED TO ON REHEARING FEBRUARY 25, 1963—
SECOND MOTION FOR REHEARING DENIED MARCH 25, 1963.

*Sanders, Thurmond, Hester & Jolles, Thurmond, Hester, Jolles & McElmurray,* for plaintiff in error.

726

*Fulcher, Fulcher, Hagler & Harper, Darius N. Brown,* contra.