## 23193.   WIGGINS v. THE STATE.

CANDLER, Presiding Justice.   Harold A. Wiggins was indicted in DeKalb County for the murder of Mildred Wiggins, his wife.   The indictment alleges that he killed her by striking and beating her with his hands and fists.   He was convicted of the offense charged.   The jury recommended mercy and he was sentenced to life imprisonment.   He filed a motion for new trial on the usual general grounds only.   His motion was overruled and a new trial denied him on August 13, 1965. He timely appealed his case to this court and the only error enumerated by him is that the evidence was insufficient to support a murder verdict.   *Held:*

Voluntary drunkenness is no excuse or justification for crime. *Code* § 26-403.   On his trial the defendant offered no evidence but made an unsworn statement in which he said that he was unable to remember the commission of any act by him which might have produced or caused the death of his wife.   The evidence introduced by the State is lengthy but in substance shows: The defendant and his wife attended a New Year's Eve party at a neighbor's apartment about 200 feet from their apartment.   They arrived at the party about 9:30 p.m. From the time they reached the party, the defendant took a drink of whiskey every 30 minutes until he left at 3 a.m. Just before leaving the party, the defendant for some unknown reason grabbed the front of his wife's sweater and started toward their apartment.   In going to their apartment they fell down a slope and witnesses testified that they saw

him striking her with his hands and that they wrestled and fought on the ground. Linda Marie Evans who saw Mrs. Wiggins in her apartment at 8 a.m. on the morning following the New Year's Eve party testified that she was badly beaten and bruised all over, especially on the head, neck and arms; that there was blood and hair on the wall of her apartment and blood on the floors of all the rooms; that the defendant said he had beaten his wife from one end of the house to the other; that he took three drinks of whiskey while she was there; that he had a gun in his right pocket and said that he had "a good mind to go back in there and kill her"; and that she told him he was in no condition to go to work. She further testified that she called an ambulance and Mrs. Wiggins was carried to the DeKalb General Hospital where she died five days later. Mr. Dainey Batson, Sr. testified that he was the father of Mrs. Wiggins; that the defendant called him about 4 a.m. on January 1 and said: "Pop, Mildred [the deceased] is drunk and bleeding, lying in the floor"; and that his daughter (Mrs. Wiggins) came to the telephone and said: "Pop, I am not drunk, Harold has beat me to death." Dr. Ernest L. Park, Jr., a witness for the State, testified that he had been the defendant's family physician for some time and knew his wife well, having delivered her last baby; that he saw her about 9:30 a.m. on January 1 in the emergency room at DeKalb General Hospital; that she was at that time so beaten, bruised, swollen and discolored that he did not recognize her; that from an examination of her body he found multiple bruises, especially on her neck, head and arms; that her scalp had in several places separated from her skull; that the accused several times asked him about her condition and he informed him that she had been so severely beaten that she could not recover; and that her physical condition grew progressively worse until her death 5 days later. Dr. Ellis B. Keener, a neurosurgeon as a witness for the State, testified that he saw Mrs. Wiggins on January 1, 1965 about 12:15 p.m. at DeKalb General Hospital; that X-ray pictures of her head showed an occlusion on the right side of her head which stopped the flow of blood to her brain; that three operations were performed on her prior to her death; and that, in his opinion, one blow on her head would not have caused the injuries to it which his examination revealed. Dr. Henry Snell who was called by the Cor-

oner of DeKalb County to examine the body of Mrs. Wiggins testified that it was his opinion from the appearance, general pattern, location and distribution of the injuries he found on her head and neck that they could not have resulted from a fall or a series of falls; that a fall might have produced one or more of the injuries he found on her body but not those on the bridge of her nose, under her jaw, her left eye, and on top of her head; that there were blunt force injuries over her cheeks, her jaw, her lips, the top, side, and back of her head as well as the right side of her neck; that the several injuries she sustained when viewed together formed a pattern of assault; that they were not in his opinion produced by a fall or series of falls; and that the cause of her death, in his opinion, resulted from blunt force injuries. The father and two brothers of the deceased testified that the defendant voluntarily told them that he did not remember hitting or striking her with anything other than his fists and that he had killed the only person he ever loved. From this evidence the jury was authorized to find that the accused, while drunk, inflicted injuries on his wife which caused her death and there is clearly no merit in the contention that his conviction for murder was unauthorized from the State's failure to show that he intended to kill his wife or that no motive on his part was shown by the State for such killing. The law presumes every homicide to be malicious until the contrary appears from facts or circumstances showing excuse or justification. *Weatherby v. State*, 213 Ga. 188 (2) (97 SE2d 698).

*Judgment affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*

SUBMITTED NOVEMBER 9, 1965—DECIDED DECEMBER 6, 1965— REHEARING DENIED DECEMBER 20, 1965.

*Sheats, Parker & Webb, Paul Webb, Jr., John Tye Ferguson,* for appellant.

*Richard Bell, Solicitor General, Arthur K. Bolton, Attorney General, Rubye G. Jackson, Assistant Attorney General,* for appellee.