## 24056.   FARMER v. THE STATE.

SUBMITTED MAY 8, 1967—DECIDED MAY 18, 1967.

*Limerick Odom,* for appellant.

*Cohen Anderson,* Solicitor General, *Arthur K. Bolton,* Attorney General, *G. Ernest Tidwell,* Executive Assistant Attorney General, *Mathew Robins,* Deputy Assistant Attorney General, for appellee.

NICHOLS, Justice. Harry Lee Farmer was convicted of murder with a recommendation of mercy. Thereafter, his amended motion for new trial was overruled and the present appeal filed.

■ The first enumeration of error complains of the failure of the trial court to grant a continuance after the State announced ready and at the same time stated that its medical expert, who would testify as to the cause of death, would not be available until later in the trial.

It is well settled that generally the trial court's discretion in refusing or granting a continuance will not be disturbed. *Daniels v. State*, 219 Ga. 381 (133 SE2d 357); *Foster v. State*, 213 Ga. 601 (100 SE2d 426). The gist of the appellant's complaint was that the "cause of death" would be proven later in the trial rather than first. This question deals with the order of admission of evidence which again is in the sound discretion of the trial court and the trial court's discretion will not be controlled in the absence of injury to the defendant. See *Williams v. State*, 60 Ga. 367 (27 AR 412); *Glasco v. State*, 137 Ga. 336 (3) (73 SE 578). In the case sub judice the medical expert testified before the State rested its case and no injury is shown by the refusal of the court to grant the defendant's motion for a continuance.

■ The second enumeration of error complains of an excerpt from the charge wherein the trial court instructed the jury to reconcile any conflicts in the testimony in the case so as to impute perjury to no one if possible and if not possible to believe that which is more reasonable and probable, that the jury is the exclusive judge of the credibility of the witnesses. The charge complained of states a correct proposition of law. *Stuckey v. State*, 213 Ga. 525, 527 (100 SE2d 189). The court also properly instructed the jury that it could believe the defendant's unsworn statement in preference to the sworn testimony in the case. Thus the complaint that the charge was error because it failed to reconcile two conflicting charges is without merit. Cases exemplified by *Morris v. Warlick*, 118 Ga. 421 (2) (45 SE 407), where conflicting charges were given the jury without explanation or withdrawal of the one are not applicable to the present case where the charges given were not in conflict, were both correct principles of law and both applicable to the questions presented to the jury for decision.

■ The third enumeration of error complains of the follow-

ing charge with respect to expert witnesses: "The court instructs the jury that testimony has been given by certain witnesses, who, in law, are termed expert, and in this connection I suggest to you that while in cases such as the one being tried, the law permits the evidence of men expert in certain lines as to their opinions, derived from their knowledge of particular matters, the ultimate weight which is given to the testimony of an expert witness, is a question to be determined by the jury. In other words, the testimony of an expert, like that of any other witness, is to be received by you and given such weight as you think it is properly entitled to, but you are not bound or concluded by the testimony of any witness, expert or otherwise." This charge shows no error.

█ The defendant enumerates as error the failure of the trial court to charge without request the law of involuntary manslaughter. The State's evidence showed an attack by the defendant upon the deceased and a continuance of such attack while the deceased was begging the defendant not to hit her again, that after such beating, when a police officer arrived, the defendant placed the victim in his automobile and fled the scene, that thereafter he removed the victim from his automobile and left her unconscious in a field and continued to flee on foot. The defendant in his unsworn statement denied that any attack was made by him and contended the assault was made by a third person present at such time, but he admitted in such statement that he helped put the victim in his automobile and drove to the place where he abandoned his automobile and fled on foot.

Under such facts involuntary manslaughter was not involved in the case. The State's evidence made a case of murder. See *Wiggins v. State*, 221 Ga. 609 (146 SE2d 294), a case where the victim died as the result of a severe beating administered by the defendant without the aid of any weapons other than his hands and fists, and it was held the conviction of murder was authorized without express evidence of intent because: "The law presumes every homicide to be malicious until the contrary appears from facts or circumstances showing excuse or justification. *Weatherby v. State*, 213 Ga. 188 (2) (97 SE2d 698)." On the contrary, the defendant's statement showed him not to be

guilty of any crime and showed "flight" from fear of being caught where a woman had been beaten by a third party. The trial court did not err in failing to charge on involuntary manslaughter.

■ The fifth enumeration of error complains that the trial court erred in failing to charge the jury to disregard evidence ruled out on objection of the defendant. This contention is without merit. See *Annunciatio v. State,* 176 Ga. 787 (2) (169 SE 3); *Starr v. State,* 209 Ga. 258 (3) (71 SE2d 654).

■ The sole remaining enumeration of error complains that the trial court erred in overruling a ground of the defendant's motion for new trial which complained of perjured testimony being introduced on the trial of the case. In the absence of a conviction of the witness for perjury this ground is without merit. *Code* § 110-706; *Wilson v. Brown,* 218 Ga. 724 (4) (129 SE2d 918).

*Judgment affirmed. All the Justices concur.*