## 25441. PRITCHARD v. THE STATE.

SUBMITTED OCTOBER 14, 1969—DECIDED NOVEMBER 6, 1969.

*Margaret Hopkins, James R. Venable, H. G. McBrayer, Jr.,* for appellant.

*Ben J. Miller, Andrew J. Whalen, Jr., District Attorneys, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, William R. Childers, Jr., Assistant Attorneys General,* for appellee.

NICHOLS, Justice. This is the second appearance of this case in this court. On the first appearance the defendant's conviction for robbery by use of an offensive weapon was set aside and the case remanded for a new trial because the testimony of an accomplice was not sufficiently corroborated. *Pritchard v. State,* 224 Ga. 776 (164 SE2d 808). On the second trial the jury returned a verdict of guilty with a recommendation of mercy by the jury and a life sentence was imposed upon the defendant.

No question as to the sufficiency of the evidence is raised in the present appeal. The sole questions raised relate to the refusal of the trial court to grant a mistrial and the judge's allegedly expressing his opinion as to what had been proved in violation of *Code* § 81-1104.

■ The first witness called for the State, an admitted accomplice of the defendant, when asked about a conversation with the defendant, volunteered information which was not responsive to the question asked. The defendant's counsel moved for a mistrial which was overruled, but the court did instruct the jury that the answer was not responsive and that they should disregard it completely, that such issue was not involved in the case and since the answer was not responsive to the question asked he would not reprimand the State's attorney.

"If defendant's counsel was not satisfied with such action by the judge, he should have renewed his motion *promptly* and by his failure to do so the judge was in our opinion authorized to conclude that defendant's counsel was satisfied with the action he had taken." (Emphasis supplied.) *Purcell v. Hill*, 220 Ga. 663, 664 (141 SE2d 152). The defendant's counsel did not promptly renew the motion for mistrial and a mere general renewal of all motions and objections made during the course of the trial at the conclusion of *all* evidence is not a *prompt* renewal of the motion for mistrial. Accordingly, enumerations of error 1 and 2 are without merit.

■ Enumeration of error numbered 3 complains that the trial court violated the provisions of *Code* § 81-1104 and expressed an opinion as to what had been proved in the case.

On two occasions during the trial, after counsel for the defendant invoked a ruling by the trial court, a colloquy between the court and counsel ensued and the judge, in explaining his ruling to counsel for the defendant, stated the basis for his decision which included his recollection as to what a witness had testified. It is on such statements that complaint is made in this enumeration of error and not to the ruling by the court as to the admissibility of evidence. In neither instance does it appear that any objection or motion for mistrial was made as the result of such colloquy. Accordingly, under decisions ex-

emplified by *Coates v. State,* 192 Ga. 130 (3) (15 SE2d 240);
*Calhoun v. State,* 210 Ga. 180 (3) (78 SE2d 425); and *Gravitt
v. State,* 220 Ga. 781, 785 (141 SE2d 893), no question for de-
cision is presented by this enumeration of error.

■ The remaining enumerations of error complain of an ex-
cerpt from the judge's charge where he cautioned the jury not
to consider evidence which had been ruled out of the case and
in doing so repeated the gist of the testimony which had been
ruled out. The contention is made that such instruction
amounted to an expression of opinion in violation of *Code*
§ 81-1104.

The failure to instruct the jury in the formal charge not to
consider such evidence in the absence of a timely request to do
so would not have been error (*Farmer v. State,* 223 Ga. 364, 367
(155 SE2d 14) and citations), nor is it error to instruct the jury
not to consider excluded evidence. See *Whitaker v. State,* 159
Ga. 787 (4) (127 SE 106). And such a charge is not an expres-
sion of opinion as to what has been proved on the trial of the
case. *Wyatt v. State,* 18 Ga. App. 29 (1) (88 SE 718); *Tyler
v. State,* 91 Ga. App. 87 (1a) (84 SE2d 843). Therefore no
reversible error is shown by the remaining enumerations of error.

*Judgment affirmed. All the Justices concur.*