75585. McQUEEN v. THE STATE.
(362 SE2d 436)

DEEN, Presiding Judge.

Willie Charles McQueen was indicted for making terroristic threats, hindering or obstructing a police officer and carrying a concealed weapon. A jury found him guilty on Counts 1 and 3. On appeal he contends that the trial court erred in denying his motion to suppress and in failing to give his requested jury charge on simple assault.

The evidence showed that McQueen was pushing a bicycle along a sidewalk near Valdosta State College at approximately 12:45 a.m. A college police officer testified that his suspicions were aroused because the defendant was not riding the bicycle, he did not appear to be in the student age group, and was not dressed like a student. The officer decided to investigate because of the high incidence of bicycle thefts on campus. The officer pulled his vehicle over to the side of the road and got out of it to talk to the defendant. McQueen asked, "What's your g___ problem." The officer stated that he did not have a problem and inquired if McQueen was a student. McQueen responded, "Do I look like a g___ student?" When the officer asked for some identification, McQueen appeared to be upset and replied that someone in a van had tried to run over him. The officer asked for identification again, and McQueen replied, "F___ you," and began to leave the area. The officer claimed that McQueen shoved him inside his car, began striking him in the face, chest and arms, and threatened to kill him. The officer was able to call backup officers who quickly responded, helped get the defendant out of the officer's car and were able to restrain the defendant, who appeared to be reaching into his jacket pocket. During a pat-down search, the officers removed a ninja bear-type claw from his jacket pocket. One of the officers testified that he

heard McQueen threaten the officer's life.

The defendant's testimony was somewhat similar to that of the officer except that he claimed the officer grabbed his collar when he attempted to leave after being asked for his identification. The defendant claimed that he reached back and squeezed his fist and the officer laid back in his car. The other officers arrived and grabbed him. One of them hit him three times. He denied striking the officer and claimed that he just grabbed him back. He denied making threats in the presence of the officers and claimed that after he arrived at the jail he said to the officer who stopped him, "You know you're dead, don't you" because "I knew the Lord was going to look after him for what he did to me out there for no reason." He further claims that the officer replied, "You've got a charge now," and "get the electric cage ready."

1. The trial court did not err in denying the defendant's motion to suppress because the facts as set forth above show that the officer had an articulable suspicion under *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968), which justified stopping McQueen. Appellant's acts in shoving the officer and attempting to flee, when combined with the other circumstances in this case, provided probable cause for McQueen's apprehension, the search of his jacket pocket, and the seizure of the ninja claw. *State v. Reid*, 149 Ga. App. 685 (255 SE2d 71) (1979). There is no merit in this enumeration of error.

2. It is error for the trial court to fail to charge on lesser included crimes if the accused makes such a request to charge and if the evidence warrants such a requested charge. *State v. Stonaker*, 236 Ga. 1 (222 SE2d 354) (1976). The sole issue for decision therefore is whether the crime of simple assault is a lesser included offense of making terroristic threats.

OCGA § 16-11-37 defines a terroristic threat as a threat "to commit any crime of violence or to burn or damage property with the purpose of terrorizing another . . ." No person can be convicted on the uncorroborated testimony of the person to whom the threat is communicated. Under OCGA § 16-5-20 a person commits simple assault when he either: "(1) Attempts to commit a violent injury to the person of another; or (2) Commits an act which places another in reasonable apprehension of immediately receiving a violent injury." "[T]he crime of terroristic threats focuses solely on the conduct of the accused and is completed when the threat is communicated to the victim with the intent to terrorize." *Boone v. State*, 155 Ga. App. 937, 939 (274 SE2d 49) (1980). "The communication of a terroristic threat is not punishable under the simple assault statute and one may be guilty of simple assault without violating the terroristic threats statute. *Lanthrip v. State*, 235 Ga. 10, 12 (218 SE2d 771) (1975). OCGA § 16-1-6 provides that an accused may be convicted of a lesser included

offense when: "(1) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged, or (2) It differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest or a lesser kind of culpability suffices to establish its commission." " 'To warrant conviction of a lesser offense, . . . it is essential that the allegations describing the greater offense contain all essential averments relating to the lesser offense or that the greater offense necessarily include all the essential ingredients of the lesser.' " *Williams v. State*, 144 Ga. App. 130, 134 (240 SE2d 890) (1977). Simple assault requires proof of different elements not included in terroristic threats; namely, attempting to commit a violent injury to another or causing apprehension of bodily harm on the part of the victim. Terroristic threats, however, focuses solely on the conduct of the accused. We therefore find that simple assault is not a lesser included offense of terroristic threats. Accordingly, the trial court did not err in refusing to give the requested charge.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED OCTOBER 22, 1987.

*Patricia M. Karras*, for appellant.

*H. Lamar Cole, District Attorney, Elise B. Ossen, Samuel F. Greneker, Assistant District Attorneys*, for appellee.