## 76728. LEMARR v. THE STATE.
### (373 SE2d 58)

McMURRAY, Presiding Judge.

Defendant Lemarr brings an appeal pro se from his conviction of two counts of terroristic threats and two counts of obstruction of an officer. *Held*:

1. Defendant contends that his convictions and sentence violated the constitutional prohibitions against double jeopardy and cruel and unusual punishment because each of the four charges resulted from the same alleged criminal transaction. The evidence showed that two uniformed deputy sheriffs were dispatched to serve a warrant on defendant for criminal trespass. When they located defendant and attempted to serve the warrant, defendant snatched it from the hands of one deputy and started to run. The second deputy grabbed him and defendant hit him in the ribs and stomach with his fist and elbow, and ran from the house. The first deputy caught him and they both fell to the ground, whereupon defendant kicked this deputy in the ribs. It took both deputies to subdue and handcuff defendant and put him in their patrol car. While he was being arrested and transported to jail, defendant continuously cursed and threatened to kill both deputies and burn down their homes.

"A person commits the offense of a terroristic threat when he threatens to commit any crime of violence or to burn or damage property with the purpose of terrorizing another . . ." OCCA § 16-11-37 (a). The offense of obstructing a law enforcement officer is committed when one "knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his official duties by offering or doing violence to the person of such officer . . ." OCGA § 16-10-24 (b). " '(T)he crime of terroristic threats focuses solely on the conduct of the accused and is completed when the threat is communicated to the victim with the intent to terrorize.' [Cit.]" *McQueen v. State*, 184 Ga. App. 630, 631 (2) (362 SE2d 436) (1987). Obstruction of an officer requires proof of different elements not included in terroristic threats, to wit, "there must be some evidence of forcible resistance or objection to the officer (not mere argument) in the performance of his duties. [Cit.]" *Kelley v. State*, 171 Ga. App. 222, 223 (319 SE2d 81) (1984). "The crimes are mutually independent

and each is aimed at prohibiting specific conduct. [Cit.]" *Echols v. State*, 134 Ga. App. 216, 218 (4) (213 SE2d 907) (1975). This enumeration is without merit.

2. Next, defendant asserts that he "was denied effective assistance of counsel where counselor failed to subpoena a witness who's [sic] testimony could have had a definite affect [sic] on the outcome of the verdict and the court proceedings." Defendant contends that a " 'key witness' for the defense, namely Timothy Tardiff, who had personal knowledge of pertinent facts and matters being brought before the court was 'with-held' from testifying thereto, where defense counselor 'refused' to subpoena the witness over the objection of the defendant." In view of defendant's pro se contention that he was denied effective assistance of counsel, we remand this case to the trial court for a hearing and appropriate findings concerning the issue of ineffective assistance of counsel. See *Brooks v. State*, 187 Ga. App. 92, 93 (2), 94 (369 SE2d 349). As this concludes the present appeal, in order to prompt an appellate review of some future order entered by the trial court, a new notice of appeal must be filed.

*Judgment affirmed and case remanded for hearing pursuant to Division 2. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 9, 1988.

Gary Lemarr, *pro se.*

Richard A. Malone, District Attorney, W. Steven Askew, Assistant District Attorney, for appellee.