## 77714. BLACK v. THE STATE.
(378 SE2d 342)

BENHAM, Judge.

Appellant was convicted of possession of cocaine with intent to distribute. Two police officers testified that a "concerned citizen" approached them while they were on patrol at a certain intersection, told them she knew of someone selling drugs, and described the man to them. Later that night, the officers returned to the same intersection, where they observed appellant and three other men. Appellant, the only man who matched the description given by the informant, had a cap in his right hand and was looking in a plastic bag he held in his left hand. The officers saw appellant put the plastic bag under the cap behind him. The officers approached the foursome, arrested appellant, found over $1,100 on his person, and discovered that the plastic bag contained 31 smaller packets of white powder which a crime lab expert identified as cocaine.

1. Appellant contends that the State repeatedly introduced prejudicial, inadmissible hearsay. Appellant focuses his attention on the officers' testimony about the information given them by the unidentified informant. The State argued that the testimony was admissible to explain the officers' subsequent conduct.

"When, in a legal investigation, the conduct and motives of the actor are matters concerning which the truth must be found . . ., then information . . . known to the actor [is] admissible to explain the actor's conduct. [Cits.] But where the conduct and motives of the actor are not matters concerning which the truth must be found . . ., then the information, etc., on which he or she acted shall not be admissible under [OCGA § 24-3-2]." *Momon v. State*, 249 Ga. 865, 867 (294 SE2d 482) (1982). "[O]nly in rare instances will the 'conduct' of an investigating officer need to be 'explained'; as in practically every case, the motive, intent, or state of mind of such an officer will not be 'matters concerning which the truth must be found.' At heart, a criminal prosecution is designed to find the truth of what a defendant did, and, on occasion, of why he did it. It is most unusual that a prosecution will properly concern itself with *why* an investigating officer did something." *Teague v. State*, 252 Ga. 534, 536 (314 SE2d 910) (1984).

This case does not fall into the "most unusual" category. The issue was whether appellant possessed cocaine with the intent to distribute it. Why the police officers decided to focus on appellant at a certain time at a certain street corner was not an issue during this phase of the prosecution, and the admission of the statements explaining the officers' conduct was erroneous. *Berry v. State*, 254 Ga. 101 (2) (326 SE2d 748) (1985). However, in light of the officers' testimony that they saw appellant in sole possession of the plastic bag containing cocaine, it is "more than highly probable that its admis-

sion did not contribute to the verdict. [Cit.]" *Teague v. State*, supra, Division 2.

2. When asked the name of the informant by the assistant district attorney, one police officer refused because "the person lives in the area" and the officer believed appellant knew the person. Appellant's trial counsel sought a mistrial on the ground that appellant's character had been improperly placed in evidence. The trial judge denied the motion after stating his belief that the officer's remarks did not necessarily impugn appellant's character and warning the assistant district attorney that this was "the kind of thing you don't want to be fooling around with. It doesn't show anything. It doesn't prove anything."

The decision to grant or deny a mistrial is one within the sound discretion of the trial court, whose decision will not be disturbed on appeal unless there has been a manifest abuse of that discretion and a mistrial is essential to preserve a defendant's right to a fair trial. *Edge v. State*, 178 Ga. App. 717 (344 SE2d 517) (1986). We do not find an abuse of discretion present in the case at bar.

3. In an amended motion for new trial, filed on June 24, 1988, by counsel other than appellant's trial counsel, appellant asserted that his trial counsel had been ineffective. While appellant did not request an evidentiary hearing on the issue, he argued the motion by filing a brief. In an order filed July 29, 1988, the trial court summarily denied appellant's motion for new trial.

The facts of this case pertinent to the issue of effective assistance of counsel are similar to those in *Dawson v. State*, 186 Ga. App. 718 (6) (368 SE2d 367) (1988), remanded with direction in *Dawson v. State*, 258 Ga. 380 (369 SE2d 897) (1988). In light of the Supreme Court's holding in *Dawson*, we are compelled to remand the case to the trial court for a hearing as to the effectiveness of appellant's trial counsel. "As this concludes the present appeal, in order to prompt an appellate review of some future order entered by the trial court, a new notice of appeal must be filed." *Lemarr v. State*, 188 Ga. App. 352 (2) (373 SE2d 58) (1988).

*Judgment affirmed and case remanded with direction. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 18, 1989 —
REHEARING DENIED FEBRUARY 1, 1989.

*Howard, Secret & Jones, James W. Howard*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Charles W. Smegal, Assistant District Attorneys*, for

appellee.