A89A2282. MEDLEY et al. v. THE STATE.
(390 SE2d 75)

BANKE, Presiding Judge.

The appellants, Chuck and Shirley Ann Medley, were jointly indicted and tried on charges of unlawfully possessing the controlled substances diazepam, pentazocine, and marijuana. Shirley Ann Med-

ley was convicted on all three counts; however, Chuck Medley was granted a directed verdict on the diazepam and pentazocine charges and was therefore found guilty only on the marijuana charge. The appellants' sole contention on appeal is that the trial court erred in refusing to grant them a continuance to secure the presence of a subpoenaed witness.

The subpoenaed witness was Steve Medley, Chuck Medley's brother. He had been in the county jail during the week the case was originally scheduled for trial, and his attendance in the courtroom had been secured during that week by a court order directed to the sheriff. However, the case was not called for trial that week; and by the time the trial finally took place, the witness had been transported to Tennessee to answer charges pending against him in that state. When asked at the hearing on the motion for continuance what testimony the witness was expected to give, defense counsel responded, "He would testify that these pills [referring to the diazepam and pentazocine tablets] were his, Your Honor."

The diazepam and pentazocine tablets had been seized from Shirley Ann Medley's purse during the execution of a search warrant for the appellants' residence. They were not in a prescription container; and according to the arresting officer, Ms. Medley acknowledged that they were hers after being advised of her *Miranda* rights. Neither of the appellants testified at trial. However, a local pharmacist called as a witness on their behalf testified that he had filled several diazepam and pentazocine prescriptions for Steve Medley during the months prior to their arrest. *Held*:

1. As there is no suggestion that the absent witness would have offered any testimony relevant to the marijuana possession charges, the trial court's refusal to grant the continuance clearly establishes no basis for reversal of the appellants' convictions on those charges. Accord *Jackson v. State*, 184 Ga. App. 133, 135 (5) (360 SE2d 907) (1987).

2. Even assuming that the diazepam and pentazocine pills found in Shirley Ann Medley's possession were among those which had been dispensed to Steve Medley by the pharmacist, it would not follow that her possession of them was lawful. Generally speaking, it is unlawful for any person to possess or have under his or her control any controlled substances except as specifically authorized by the Controlled Substances Act. See OCGA § 16-13-30 (a). Moreover, the burden of coming forward with evidence of such an exemption is on the person claiming it. See OCGA § 16-13-50 (a); *Strong v. State*, 246 Ga. 612, 616 (8) (272 SE2d 281) (1980); *Nix v. State*, 135 Ga. App. 672, 673 (219 SE2d 6) (1975).

The exemption upon which Ms. Medley evidently relies is created by OCGA § 16-13-35 (c) (3), which authorizes the possession of a

controlled substance by "[a]n ultimate user or a person in possession of any controlled substance pursuant to a lawful order of a practitioner. . . ." The term "ultimate user" is defined by OCGA § 16-13-21 (28) to mean, in relevant part, "a person who lawfully possesses a controlled substance for his own use [or] for the use of a member of his household. . . ." No evidence was presented during the trial of this case which would remotely suggest either that Steve Medley was a resident of the appellants' household or that Shirley Ann Medley was holding the diazepam and pentazocine tablets found in her purse for his use rather than her own. Consequently, we conclude that, even assuming the absent witness could have and would have offered probative testimony that those pills were among the ones he had obtained by prescription, such testimony would not have established a defense in favor of Ms. Medley. We accordingly hold that the trial court was authorized to deny the motion for continuance based on the appellants' failure to show the materiality of the absent witness. See generally OCGA § 17-8-25.

3. The trial court was further authorized to deny the motion based on the absence of any showing that the witness's testimony was expected to be procured at the next term of court. See *Tomlin v. State*, 170 Ga. App. 123, 125 (5) (316 SE2d 570) (1984).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 2, 1990.

*Jerry C. Gray*, for appellants.
*Timothy G. Madison, District Attorney*, for appellee.