## A90A0614. THOMAS v. THE STATE.
(394 SE2d 611)

McMurray, Presiding Judge.

Defendant appeals his conviction of the offense of child molestation. *Held*:

In his sole enumeration, defendant contends the trial court erred in denying his motion for mistrial after the State impermissibly placed his character in issue.

During a videotaped interview of the four-year-old victim, the interviewer asked the victim whether defendant had "been in trouble before. . . ," whereupon the following transpired:

" '[THE VICTIM]: He got in jail about alcohol and drugs.

"[THE INTERVIEWER]: He got in jail about alcohol and drugs. Well, the night he did this did you see him drinking alcohol that night? What did you see him drinking?

"[THE VICTIM]: He had, he was drinking alcohol and, and, and drugs.

"[THE INTERVIEWER]: Tell me about the drugs. How do you know he was doing drugs? What did you see him do?'

"[DEFENSE COUNSEL]: Your Honor —

" '[THE VICTIM]: (inaudible). He was outside with drugs.'

"THE COURT: Turn it off.

" '[THE INTERVIEWER]: He was outside with drugs. How do you know that he was outside with drugs? Did you see him —' [The video recording was stopped at the request of defense counsel]

"THE COURT: State your objection.

"[DEFENSE COUNSEL]: Your Honor, I would object to character evidence being introduced before we have introduced any evidence of character by prior crimes, mentioning drugs and being in jail for alcohol. I believe that there is grounds for a mistrial and I'd move for a mistrial at this time.

"THE COURT: What do you say to that?

"[STATE'S ATTORNEY]: Your Honor, I would say that there's no evidence as to what the drugs are. It could be a misdemeanor and would not be putting his character into evidence. We have no evidence to the fact that he, he's been in trouble for drugs at all. We'd ask that you would give cautionary remarks to the Jury and allow the trial to proceed.

"THE COURT: Members of the Jury, it is inappropriate and improper to ask a witness about anything concerning any prior trouble that a Defendant has been in, if any, prior to a Defendant putting his own character into evidence. Any question or statement made in your presence concerning the presentation of this tape relating to anything concerning alcohol, drugs or any prior event or trouble that the Defendant may have been in, if any, you shall disregard entirely, disa-

buse your minds of it entirely, give it no consideration whatsoever in reaching your verdict in this case. It should not have been asked. It should not have been shown on the tape. And it was improper and inappropriate for it to have done so.

"The motion is overrruled with those cautionary instructions.

"[DEFENSE COUNSEL]: Thank you, Your Honor."

"The decision to grant or deny a mistrial is one within the sound discretion of the trial court, whose decision will not be disturbed on appeal unless there has been a manifest abuse of that discretion and a mistrial is essential to preserve a defendant's right to a fair trial. *Edge v. State*, 178 Ga. App. 717 (344 SE2d 517) (1986)." *Black v. State*, 190 Ga. App. 137, 138 (2) (378 SE2d 342). Under the circumstances of the case sub judice, we find that the trial court did not abuse its discretion in denying defendant's motion for mistrial. The trial court's curative instructions were properly aimed at removing any prejudice suffered through the introduction of inadmissible evidence. " 'If defendant's counsel was not satisfied with such action by the judge, he should have renewed his motion *promptly* and by his failure to do so the judge was in our opinion authorized to conclude that defendant's counsel was satisfied with the action he had taken.' (Emphasis supplied.) *Purcell v. Hill*, 220 Ga. 663, 664 (141 SE2d 152)." *Pritchard v. State*, 225 Ga. 690, 691 (1) (171 SE2d 130).

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED MAY 16, 1990.

*John G. Runyan*, for appellant.
*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.