*lard, Bernard R. Wolfe*, for appellee.

## A90A1744. WILLIS v. THE STATE.
(398 SE2d 259)

DEEN, Presiding Judge.

A DeKalb County jury found appellant Willis guilty of violating the Georgia Controlled Substances Act by possessing and selling cocaine. Willis' motion for new trial on the general grounds was denied April 23, 1990. On appeal he enumerates as error the sufficiency of the evidence and the State's alleged failure to prove the chain of custody of the cocaine. *Held*:

1. Our scrutiny of the trial transcript and the remainder of the record in the instant case indicates that the only evidence for defendant was his own testimony, and that more than a sufficiency of competent evidence was adduced by the State to authorize the jury to find appellant guilty as charged, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Further examination of the trial transcript reveals that the chain of custody of the packet of cocaine which an undercover officer purchased from appellant was established in accordance with customary procedures. The testimony of the law enforcement officers was "sufficient . . . to establish with reasonable assurance that the cocaine admitted into evidence was the same substance that the undercover agent had purchased from appellant and that there had been no tampering." *Stewart v. State*, 190 Ga. App. 162 (378 SE2d 387) (1989). Moreover, the trial transcript indicates that defense counsel did not object to the admission of the cocaine into evidence, nor did he question any witnesses regarding the chain of custody. "A party cannot ignore during a trial that which he thinks to be error or an injustice and take his chances on a favorable verdict and then complain later." *Simmons v. Edge*, 155 Ga. App. 6, 8 (270 SE2d 457) (1980).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED OCTOBER 10, 1990.

*John H. Tarpley*, for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Gregory A. Adams, Robert M. Coker, Assistant District Attorneys*, for appellee.