### A91A1776. THOMPSON v. THE STATE.
(411 SE2d 886)

McMURRAY, Presiding Judge.

Defendant Thompson appeals his conviction of two counts of violating the Georgia Controlled Substances Act (selling cocaine). *Held*:

1. The evidence is sufficient to authorize defendant's convictions. The State's evidence shows that on June 9, 1989, and on June 12, 1989, an undercover officer purchased cocaine from defendant. In both instances, defendant was observed handing the cocaine to an accomplice who exchanged the cocaine for money. At trial, the undercover officer positively identified defendant as the source of the cocaine. Defendant contends that an inaccurate statement, in one of the undercover officer's reports as to the height and weight of defendant, suggests that this identification was inaccurate. However, the undercover officer explained that he had observed defendant so many times that identification had ceased to be an issue he was concerned with and that, on the occasion to which the report was related, he had been concentrating on seeing the cocaine going from defendant's hand to the accomplice's hand and then to his own hand. The credibility issue thus presented was within the prerogative of the jury. *Page v. State*, 198 Ga. App. 338, 339 (1) (401 SE2d 564). Any rational trier of fact could conclude beyond a reasonable doubt that defendant was guilty of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Hendrix v. State*, 199 Ga. App. 599, 600 (1), 601 (401 SE2d 576).

2. The trial court did not err in refusing to grant a continuance to enable the defendant to obtain the presence of an absent witness, his mother. Any testimony this witness may have given as to defendant's height and weight at the time of the offenses would have been immaterial following the undercover officer's concession that the description of defendant contained in his report was inaccurate. There is no error in the denial of a continuance where defendant fails to show the materiality of the absent witness. *Medley v. State*, 194 Ga. App. 154, 156 (2) (390 SE2d 75).

The remaining testimony of defendant's mother would only have served to impeach a State's witness. However, since the defendant's convictions were authorized by evidence other than the testimony sought to be impeached, it was not an abuse of discretion to refuse the continuance. *Grimes v. State*, 168 Ga. App. 372, 377 (6) (308 SE2d 863).

3. A police officer testified that after approaching defendant on the street and in order to verify defendant's representations as to his identity, he instructed a radio dispatcher to telephone a number defendant had given as his mother's and to inquire of the woman of the house whether she had a son with the name and date of birth given by defendant and of the same physical appearance. Defendant interjected a hearsay objection when this witness attempted to state the nature of the reply he received from the dispatcher concerning this query. The trial court overruled defendant's objection, stating that the response was admissible to explain the officer's conduct. The of-

ficer then testified that he received an affirmative response from the dispatcher and told defendant he was free to go.

" 'When, in a legal investigation, the conduct and motives of the actor are matters concerning which the truth must be found . . . , then information . . . known to the actor (is) admissible to explain the actor's conduct. (Cits.) But where the conduct and motives of the actor are not matters concerning which the truth must be found . . . , then the information, etc., on which he or she acted shall not be admissible under (OCGA § 24-3-2).' *Momon v. State*, 249 Ga. 865, 867 (294 SE2d 482) (1982). '(O)nly in rare instances will the "conduct" of an investigating officer need to be "explained"; as in practically every case, the motive, intent, or state of mind of such an officer will not be "matters concerning which the truth must be found." At heart, a criminal prosecution is designed to find the truth of what a defendant did, and, on occasion, of why he did it. It is most unusual that a prosecution will properly concern itself with *why* an investigating officer did something.' *Teague v. State*, 252 Ga. 534, 536 (314 SE2d 910) (1984)." *Black v. State*, 190 Ga. App. 137 (1) (378 SE2d 342).

Applying this principle, it is clear that the conduct and motives of the officer in attempting to verify defendant's identity or subsequently telling defendant he was free to go were not matters concerning which the truth must be found in the case sub judice. Therefore, the dispatcher's response was not admissible as original evidence under OCGA § 24-3-2 and the admission of this response was error. *Momon v. State*, 249 Ga. 865, 867 (294 SE2d 482).

The question remains as to whether the error of admitting the officer's testimony as to the dispatcher's response was harmful. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869). The improperly admitted evidence served only to establish that defendant Herbert Thompson sometimes represented himself to be "Andrew Thompson." The evidence was merely cumulative in this regard since this is also established by the testimony of the undercover officer who made the purchases of cocaine. In the light of the undercover officer's testimony that it was defendant, whom he identified at trial, that had been the seller of the cocaine he purchased, it is more than highly probable that the admission of the improper evidence did not contribute to the verdict. *Teague v. State*, 252 Ga. 534, 537 (2) (314 SE2d 910); *Johnson v. State*, 238 Ga. 59, 61, supra; *Black v. State*, 190 Ga. App. 137 (1), supra.

4. Defendant enumerates as error the denial of his motion predicated on *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69), challenging the State's use of its peremptory strikes. The State used seven of its peremptory strikes to exclude blacks from the jury. The prosecutor explained that one of these black panelists was excused because he was observed communicating with the defendant during

the jury selection process and that the remainder were excused because they had been or were at that time being prosecuted or had some affiliation with someone who had been or was then being prosecuted. Nothing was elicited during voir dire concerning the other criminal prosecutions related to the excluded panelists. Defense counsel complained that he was not made aware of the information gathered by the prosecution in regard to the other prosecutions and used by the State as the basis of its racially neutral explanation. The trial court overruled defendant's *Batson* motion.

While the overruling of defendant's *Batson* motion is enumerated as error, his argument on appeal is not directed to the trial court's conclusion that the State's peremptory challenges were racially neutral, but to the State's use of information it had gathered prior to trial concerning panelist related prosecutions, which information had not been revealed to defendant prior to the striking of the jury. While defense counsel addressed this matter before the trial court, no remedial action was elicited and thus the issue was waived. *Norman v. State*, 197 Ga. App. 333, 334 (2) (398 SE2d 395); *Willis v. State*, 197 Ga. App. 230 (2) (398 SE2d 259). If the issue is viewed as properly preserved, it must be deemed meritless. There is no discovery in criminal cases and the prosecution is under no obligation to provide defendant with non-exculpatory information. We are not familiar with any theory upon which the prosecution would be required to divulge information it has gathered concerning a panel of possible jurors. *Pruitt v. State*, 258 Ga. 583, 585 (373 SE2d 192); *Castell v. State*, 250 Ga. 776, 782 (301 SE2d 234).

5. " 'This state does not follow a "cumulative error" rule of prejudice. Any error of record . . . must. stand or fall upon its own merits and is not aided or aggravated by the accumulative effect of other claims of error.' *Butler v. State*, 163 Ga. App. 475, 476 (294 SE2d 700) (1982). Accord *Montford v. State*, 168 Ga. App. 394, 397 (6) (309 SE2d 650) (1983)." *Dyous v. State*, 195 Ga. App. 99, 100 (3) (392 SE2d 730). We have considered each of defendant's enumerations of error and determined that none of them provides a sufficient basis for the reversal of defendant's convictions.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED OCTOBER 28, 1991.

*Lawrence O. Guillory*, for appellant.

*Edward D. Lukemire, District Attorney, A. Robert Tawse, Assistant District Attorney*, for appellee.