## A99A0057. BINNS v. THE STATE.
(516 SE2d 583)

ANDREWS, Judge.

Demoris Binns appeals from the judgment entered after a jury found him guilty of trafficking in cocaine. Binns claims the trial court erred in not granting a mistrial after his character was placed into evidence and also erred in not granting his motion to reveal the identity of the confidential informant who set up the drug deal. We find no error and affirm.

1. First, Binns contends his character was impermissibly placed into evidence when the prosecutor said in his opening statement that "[w]e expect the evidence in this case to show that DeMorris Binns, also known as Morris Binns, was a major drug dealer in Wilkes County. And we say this because —." At that point, defense counsel interrupted and moved for a mistrial. The court said it would give curative instructions to the jury, telling them that the remark was intended to apply only to the case being tried. Defense counsel stated, "I have no problem with that."

Even assuming that it was error for the prosecutor to say that the evidence would show that a defendant charged with trafficking in cocaine was a major drug dealer, defense counsel agreed to the curative instructions and did not renew his motion for mistrial. "Where the trial judge gives corrective instructions and thereafter counsel fails to request further instruction or renew his motion for mistrial, an enumeration addressed to such ground is without merit." (Citation and punctuation omitted.) *Chambers v. State*, 216 Ga. App. 361, 363 (454 SE2d 567) (1995). Counsel's inaction following the curative instruction constitutes waiver of his motion and gives this Court nothing to review. Id.

2. Next, Binns contends the trial court erred in not granting his request for a mistrial after he claimed an officer's testimony again impermissibly placed his character into evidence. This officer was part of a surveillance team of the drug buy between Binns and an undercover officer. After the undercover officer told Binns he wanted an ounce and a half of cocaine, Binns said he could probably "take care" of him and left to get the cocaine. After Binns left, one of the

surveillance officers followed him. When questioning this officer, the prosecutor asked him why he followed Binns. The officer replied, "We were trying to see where he was stashing the cocaine he had been selling and we were trying to determine the location where he'd been keeping it so we could apply for a search warrant."

Defense counsel moved for a mistrial, claiming the response clearly implied Binns had been involved in prior drug sales. The trial court gave curative instructions to the jury, telling them not to consider the witness's last comment and asking if there was anyone who would not be able to do so. There was no response from any of the jurors.

> The decision of whether statements which impermissibly place a defendant's character in issue are so prejudicial as to warrant a mistrial is for the discretion of the trial court. Appellate courts will look at the relevant circumstances to determine if the trial court abused its discretion in denying the motion for mistrial. Some of the factors and circumstances to be reviewed include the nature of the statement, the other evidence in the case, and the action taken by the court and counsel concerning the impropriety.

(Citations and punctuation omitted.) *Freese v. State*, 196 Ga. App. 761, 762-763 (396 SE2d 922) (1990).

Here, the court gave curative instructions and none of the jurors responded when asked if anyone would be unable to disregard the statement. Moreover, the evidence of Binns's guilt in the sale of cocaine to the undercover officer was overwhelming.

The cases cited by Binns in support of this claim of error are not persuasive. In *Anderson v. State*, 252 Ga. 103, 104 (312 SE2d 113) (1984), the court did not give any curative instructions. In *Racquemore v. State*, 204 Ga. App. 88 (418 SE2d 448) (1992), the denial of a mistrial was reversible error only because the court did not instruct the jury not to consider the prejudicial testimony. Id. at 89. *Gearin v. State*, 208 Ga. App. 878, 880 (432 SE2d 818) (1993) is also not on point because there was extensive evidence heard on the legally irrelevant crimes and "weak circumstantial evidence" on the remaining count.

Here, curative instructions were given and the evidence against Binns was overwhelming. Therefore, we cannot say the trial court abused its discretion in denying the motion for mistrial.

Neither are we persuaded by Binns's contention that this testimony, coupled with the prosecutor's remarks in the opening statement, constituted harmful error. This state does not recognize the cumulative error rule. *Bridges v. State*, 268 Ga. 700, 708 (492 SE2d

877) (1997).

3. The trial court's refusal to compel the State to reveal the identity of the confidential informant was not error because Binns failed to show the informant was the only person whose personal knowledge would confirm or refute a material defense to the charge of trafficking in cocaine. See *Moore v. State,* 187 Ga. App. 387, 388 (2) (370 SE2d 511) (1988). See also *Wells v. State*, 212 Ga. App. 60, 63-64 (441 SE2d 460) (1994).

Although Binns states in his brief that the informant was the only one who could amplify or contradict the officer's testimony that Binns sold him drugs, the undisputed evidence at trial was that the confidential informant called Binns to arrange a time and place for the drug buy, but was not at the drug buy. It follows that the informant was a "pure tipster," who neither participated in nor witnessed the offense and, therefore, would have no knowledge of whether or not Binns actually sold drugs to the undercover officer. *Thornton v. State*, 238 Ga. 160, 165 (231 SE2d 729) (1977).

*Judgment affirmed. McMurray, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 22, 1999.

*James W. Smith,* for appellant.
*Dennis C. Sanders, District Attorney, William P. Doupe, Assistant District Attorney*, for appellee.