## A04A1131. BANKS v. THE STATE.

(606 SE2d 34)

MILLER, Judge.

Following a jury trial, Milius Bland Banks was convicted on two counts of selling cocaine, one count of distributing cocaine within 1,000 feet of a housing project, and one count of distributing cocaine within 1,000 feet of a school. On appeal he contends that (1) the trial court erred in denying his counsel's motion to withdraw; (2) the trial court erred in failing to inquire as to whether Banks wanted to represent himself; (3) the evidence was insufficient to sustain his convictions for (i) selling cocaine and (ii) distributing cocaine within 1,000 feet of a housing project; (4) the trial court erred in admitting evidence of Banks's bad character; and (5) the trial court erred in admitting hearsay. We discern no reversible error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that Banks was twice caught on audiotape selling crack cocaine to confidential informants. On the first occasion, the police gave one of the confidential informants $50 to buy five crack rocks from Banks. Police searched the informant and her car prior to her scheduled meeting with Banks to ensure that she was not in possession of any drugs prior to the drug sale. Banks met the informant (who was wearing a recording device) at a nearby store and sold her the crack. On the second occasion, the informant involved in the prior sale and another informant met Banks at his home to purchase five more crack rocks. Just as in the prior sale, the police searched the informants beforehand to ensure that they did not have any drugs, and recorded the subsequent drug sale.

Prior to trial, Banks's public defender discovered that another attorney in the Douglas County public defender's office had represented the confidential informant who would be testifying against Banks at trial. In light of this information, and in light of Banks having also expressed his desire to fire him, Banks's attorney filed a motion to withdraw as counsel. Banks's counsel was concerned that cross-examining the confidential informant regarding a plea agreement she took while she was represented by the defender's office would create the appearance of impropriety at Banks's trial. Following a hearing, the trial court denied the motion.

At trial a police officer testified that Banks's home, the location of the second drug purchase, was located within 200 to 300 feet of a public housing project subsidized by the federal government and the Douglas County Housing Authority. This police officer regularly patrolled the area around Banks's home and was familiar with the numerous nearby housing projects, the closest of which was directly across the street from Banks's home.

The jury found Banks guilty of selling cocaine and of distributing cocaine within 1,000 feet of a housing project and within 1,000 feet of a school. Banks appeals.

1. Banks argues that the trial court erred in denying his counsel's motion to withdraw. He contends that because the Douglas County public defender's office had previously represented one of the confidential informants who testified against him at trial, he should have been appointed new counsel. We disagree.

At the time of the trial, the public defender's office was no longer representing the confidential informant. Moreover, even if the office had still been representing her, "[t]he reason a conflict of interests exists in a situation in which defense counsel is simultaneously representing a witness, even though the witness is not a co-defendant at trial, is that defense counsel might not be vigorous enough in his cross-examination of such a witness." *Lemley v. State*, 245 Ga. 350, 352 (1) (264 SE2d 881) (1980). Here, there was no evidence that counsel would be less vigorous in his cross-examination. Counsel's fear was not that he would *not* be able to vigorously cross-examine the witness at trial, but that vigorous cross-examination through use of the witness's prior plea would create the appearance of impropriety. Indeed, the evidence reveals that trial counsel did in fact vigorously cross-examine the confidential informant by using the informant's prior plea against her for impeachment purposes. In this case, Banks could not have and did not in fact suffer harm as a result of the trial court's refusal to appoint new counsel. The trial court therefore did not err in refusing to appoint new counsel. Cf. id.

2. Banks contends that the trial court erred in failing to ask whether he wished to proceed pro se. However, Banks's claims of error and any harm resulting therefrom are belied by the record, which indicates that Banks was fully informed of his option to proceed pro se. Further, despite being aware of this option, Banks instead expressed his desire to proceed *with* counsel. This enumeration is entirely without merit.

3. In two enumerations, Banks contends that the trial court erred in denying his motion for a directed verdict on the distribution within 1,000 feet of a housing project charge, and that the evidence was insufficient to sustain his convictions on the two counts of selling cocaine. We disagree.

We review the sufficiency of the evidence and the denial of a motion for directed verdict of acquittal under the same standard. *Garrett v. State*, 184 Ga. App. 715, 716 (3) (362 SE2d 423) (1987). We view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not

weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Here, the evidence reveals that Banks was caught on audiotape selling crack rocks to confidential informants on two separate occasions. The second sale took place at Banks's home, which was a mere 200 feet from a housing project. The officer who testified as to the location of the housing project was familiar with the area where the sale took place and the housing projects located near Banks's home. Banks's argument that the crack rocks could have come from the informants and not him (because the officers allegedly did not search the informants thoroughly enough prior to the sale) goes to the *weight* of the evidence, which we do not evaluate on appeal. Ample evidence supported the convictions. See *Haywood v. State*, 248 Ga. App. 210, 212 (2) (546 SE2d 325) (2001); see also OCGA §§ 16-13-32.5 (b), (e); 16-13-30 (b).

4. Banks argues that the trial court erred in allowing evidence that negatively reflected on his character. Specifically, he asserts that the trial court should not have admitted statements that (i) one of the confidential informants knew that she could buy drugs from Banks because she had "always purchased drugs from him" in the past; (ii) Banks had been selling cocaine prior to the sales at issue; and (iii) a drug dog had alerted on Banks's car (even though no drugs were in fact found in the car). However, Banks failed to object to this evidence at trial. He has therefore waived any error. See, e.g., *Garrison v. State*, 260 Ga. App. 788, 790 (3) (581 SE2d 357) (2003).

5. In his final two enumerations, Banks contends that the trial court erred in admitting hearsay testimony regarding (i) "leaders of the community" informing police that Banks had been selling drugs; (ii) people fearing Banks and being unwilling to cooperate with police; (iii) police using a drug dog to search Banks's car based on information they received about Banks transporting drugs; and (iv) one of the confidential informants being unable to testify due to her being sick on the day of trial.

It is true that the trial court should not have admitted this hearsay testimony, especially since this case is not one of those rare instances in which the police officers' conduct needed to be explained as part of the investigation of Banks. See *Black v. State*, 190 Ga. App. 137 (1) (378 SE2d 342) (1989). In light of the overwhelming evidence of Banks's guilt, however, the erroneous admission of these statements was harmless as a matter of law. See *Black*, supra, 190 Ga. App. at 137 (1); see also *Wright v. State*, 226 Ga. App. 499, 500-501 (2)

(486 SE2d 711) (1997); *Holt v. State*, 248 Ga. App. 334, 337 (3) (546 SE2d 83) (2001) (appellant must show harm as well as error to prevail on appeal).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 5, 2004 —
RECONSIDERATION DENIED OCTOBER 29, 2004.

*Lee W. Fitzpatrick*, for appellant.
*David McDade, District Attorney, Christopher R. Johnson, Assistant District Attorney*, for appellee.