## A08A0877. WALKER v. THE STATE.
### (660 SE2d 844)

ELLINGTON, Judge.

A Bulloch County jury found Johnny Lee Walker guilty of selling cocaine, OCGA § 16-13-30, and of selling cocaine within 1,000 feet of a public housing project, OCGA § 16-13-32.5. Walker appeals from the denial of his motion for new trial, raising the general grounds and contending the trial court erred in denying his motion for a mistrial.

1. Walker challenges his convictions for selling cocaine and for selling it within 1,000 feet of a housing project, contending he did not participate in any sale, but was merely present when the sale occurred. When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 318-319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). The jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from basic facts to ultimate facts. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001). Viewed in this light, the record shows the following.

On December 28, 2005, an undercover officer with the Statesboro Police Department drove to Michael Street in Bulloch County, a known drug area, to buy cocaine. As the officer drove down Michael Street, Walker, who was sitting in a parked car, honked his horn at her. As the officer slowed to a stop, Walker got out of his car and asked her what she wanted. The officer asked for $40 worth of cocaine. Walker returned to his car and talked with a woman who was sitting inside. The woman got out of the car, walked over to the officer, and

asked her for $40. The woman took the officer's money, went into a nearby apartment complex, came back out, briefly spoke with Walker, and then gave the officer the cocaine. After delivering the cocaine, the woman walked back to Walker's side. The entire transaction was recorded in color video with sound, and the State played the recording for the jury. The State also presented evidence that the sale occurred within 1,000 feet of a low-income, public housing apartment complex. The evidence adduced was sufficient to support Walker's convictions beyond a reasonable doubt as a party to the crime of selling cocaine and for selling it within 1,000 feet of a public housing project. See *Banks v. State*, 270 Ga. App. 221, 222-223 (3) (606 SE2d 34) (2004); see also OCGA §§ 16-13-30 (sale of cocaine); 16-13-32.5 (sale within 1,000 feet of housing project); 16-2-20 (parties to a crime).

2. Walker contends he was entitled to a mistrial when the court inadvertently read the wrong indictment to the jury at the beginning of the trial. At the beginning of the trial, as the court administered the oath to the jury, it stated:

> You shall well and truly try the issues formed upon this indictment between the State of Georgia and the defendant, Johnny Lee Walker, who is charged with a number of offenses, and there are eleven, and they are as follows: Fleeing or attempting to elude, removing or affixing a license plate with intent to conceal or misrepresent — Ladies and gentlemen, if you would have a seat. Mr. Black and Ms. Jallow, if y'all would approach.

In a sidebar, the court asked the attorneys if he was calling the right case. Having been informed that he was calling the wrong case, the court continued: "Excuse me ladies and gentleman. I was in the emergency room last night till two o'clock, so I just got one eye open this morning. So, if y'all would please stand again. And I had a completely wrong case, wrong parties and everything. So let's get started again." The court then read the correct indictment. Walker's attorney did not object to the court's curative instruction or to the court's thereafter reading the correct indictment when swearing the jury. However, after the court finished its preliminary instructions, Walker moved for a mistrial. The court denied the motion.

Walker contends the court's statements are tantamount to the injection of impermissible character evidence at trial and, therefore, warranted a mistrial.

As we have explained,

> [t]he decision of whether statements which impermissibly place a defendant's character in issue are so prejudicial as to

warrant a mistrial is for the discretion of the trial court. Appellate courts will look at the relevant circumstances to determine if the trial court abused its discretion in denying the motion for mistrial. Some of the factors and circumstances to be reviewed include the nature of the statement, the other evidence in the case, and the action taken by the court and counsel concerning the impropriety.

(Citation and punctuation omitted.) *Binns v. State*, 237 Ga. App. 719, 720 (2) (516 SE2d 583) (1999). Under the circumstances, the court's prompt explanation that he was reading "a completely wrong case, wrong parties and everything," was sufficient to explain away the gaffe and thus cure any error. We do not agree, as Walker argues, that the jury would necessarily infer that Walker had also been indicted separately for other crimes. Given that the court said the matter he was reading was "completely" wrong, and that he had the wrong "parties," we believe the instruction was sufficient to cure any error. See id.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED APRIL 3, 2008 — 

*Robert L. Persse, Renata Newbill-Jallow*, for appellant.
*Richard A. Mallard, District Attorney, Joseph B. Black, Assistant District Attorney*, for appellee.